## Richmond

## RALPH THOMAS V. COMMONWEALTH OF VIRGINIA

November 23, 1977.

Record No. 770421.

Present: All the Justices.

*Fred A. Talbot (James A. Baber, III; Bremner, Baber & Janus,* on brief), for plaintiff in error.

*Vera S. Warthen, Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief) for defendant in error.

I'Anson, C.J., delivered the opinion of the Court.

The question presented on this appeal is whether the trial court abused its discretion in refusing to allow the defendant, Ralph Thomas, to withdraw his waiver of trial by jury and have his cases tried by a jury.

Defendant was charged in two misdemeanor informations with attempting to intimidate two witnesses from testifying in a case pending against his brother, and thereby attempting to obstruct and impede the administration of justice in violation of Code § 18.2-460.

At his arraignment on September 16, 1976, defendant pleaded not guilty to both charges. He voluntarily and intelligently waived his right to a jury trial with the concurrence of the attorney for the Commonwealth and the court entered of record. On November 22, defendant filed with the trial judge a written motion, which was marked "seen" by the attorney for the Commonwealth, seeking a jury trial of his cases set for trial on December 3, 1976. The trial judge marked the motion "filed" but did not act on it until the day the cases against the defendant were set for trial. On December 3, after hearing argument on the motion to which the attorney for the Commonwealth interposed no objection, the trial court overruled the motion on the grounds that the defendant had voluntarily and intelligently waived a trial by jury; that defendant had had an opportunity to request withdrawal of his waiver prior to November 22; and that since the court had scheduled its work throughout the months of December and January, to permit the withdrawal of the waiver "would interfere with the orderly administration of justice in this court." Thereupon, defendant's cases were tried by the court without the intervention of a jury. Defendant was found guilty of both charges and was sentenced to confinement in jail for a period of 12 months on each charge.

■ Article I, § 8 of the Constitution of Virginia guarantees to an accused in a criminal case the right to a jury trial. This same

section of the Constitution of Virginia, however, also permits an accused who pleads not guilty to waive a jury and to be tried by the court with the concurrence of the attorney for the Commonwealth and the court entered of record. *See also* Code §§ 19.2-257 and 19.2-258. The Virginia Constitution and statutes are silent as to whether an accused will be permitted to withdraw a waiver of a trial by jury once that waiver has been exercised; and if so, when such withdrawal of the waiver must be exercised.

The precise question presented on this appeal has not been decided by us. However, the general rule is stated in 47 Am. Jur. 2d *Jury* § 70 at 687 as follows:

"Whether one accused of crime who has regularly waived a jury trial will be permitted to withdraw the waiver and have his case tried before a jury is ordinarily within the discretion of the trial court. The rule, as expressed in some cases, is that if an accused's application for withdrawal of waiver is made in due season so as not to substantially delay or impede the cause of justice, the trial court should allow the waiver to be withdrawn.

"The authorities are uniformly to the effect that a motion for withdrawal of waiver made after the commencement of the trial is not timely and should not be allowed. Whether a motion for the withdrawal of a waiver of trial by jury made prior to the actual commencement of the trial of the case is timely depends primarily upon the facts and circumstances of the individual case. *Where there is no showing that granting the motion would unduly delay the trial or would otherwise impede justice, the motion is usually held to be timely.* In some cases, however, it has been held that a motion for withdrawal of a waiver of jury trial, although made prior to the trial, was not timely and was properly denied by the trial court, the decisions in these cases being based primarily upon the ground that granting the motion would have resulted in an unreasonable delay of the trial." (Emphasis added, footnotes omitted)

E.g., *Brumbalow* v. *State,* 128 Ga. App. 581, 197 S.E.2d 380 (1973); *Staten* v. *State,* 13 Md. App. 425, 283 A.2d 644, 646 (1971); *People* v. *Melton,* 125 Cal. App. 2d 901, 271 P.2d 962, 964, 46

A.L.R.2d 914 (1954); Annot., 46 A.L.R.2d 919 (1956) and the numerous cases there collected.

In the present case the motion to withdraw the waiver of a jury trial was made eleven days before defendant's cases were set for trial, but the trial court did not act on it at that time. The record is devoid of any showing that a jury could not have been impaneled for the trial on December 3; that the motion was made solely for the purpose of delay; and that a continuance of the cases for a trial during the January term of court, which began on the second Monday of that month, would unduly delay the trial or impede the cause of justice. Furthermore, the attorney for the Commonwealth did not voice any objection to defendant's motion, and there is nothing in the record to indicate that the three witnesses for the prosecution would have been inconvenienced if the cases had been continued to a day during the January term of court.

When the facts and circumstances here are weighed in light of the defendant's constitutional and statutory right to a trial by jury, we hold that the motion was seasonably made; that it was not for the purpose of delay; and that granting the motion would not have resulted in an unreasonable delay of the trial thereby impeding the cause of justice. Hence, the trial judge abused his judicial discretion in denying the defendant the right to withdraw his waiver of a jury trial.

For the reasons stated, the judgment in the court below is **reversed and the cases are remanded for a new trial.**

*Reversed and remanded.*

COMPTON, J., dissenting.

The sole question here is whether there has been a valid exercise of discretion by the court below in denying defendant's motion to withdraw the waiver. When examining a trial court's employment of judicial discretion, a proper application of appellate review will leave the exercise of such discretion undisturbed unless it *plainly* appears that the discretion has been abused. It does not plainly appear to me that such an abuse has occurred in this case, and I therefore dissent.

The evidence requires close examination. After capiases, issued upon the informations, were executed on defendant on

August 6, he was bonded on August 10 to appear before the court for arraignment on September 13, the first day of the September term of court. Defendant appeared in court on that day without his retained counsel, who sent an associate as a substitute. On September 16, defendant appeared, this time accompanied by his attorney, and was arraigned. He voluntarily, intentionally and knowingly waived his constitutional right to trial by jury. The case was scheduled for trial during the October term, but upon defendant's motion, was continued and set to be heard on November 5.

On November 4, the defendant and his attorney again appeared before the court to move for another continuance. The motion was granted and the case was carried over to the November term of court, which began on November 8. No motion to withdraw the waiver was made on November 4.

At the calling of the November docket on November 8, defendant's counsel was present. As was the trial court's custom, it inquired of all counsel whether trial by jury was requested in any of the pending cases, so that such trials could be scheduled on days which would not conflict with the transaction of other court business. Defendant's counsel made no response to the court's inquiry nor was any motion made to withdraw the waiver. The case was then scheduled for trial on December 3. At that docket call, the court's schedule was fixed for the months of December and January.

Two weeks later, during the morning of November 22, defendant and his attorney again appeared before the trial judge and counsel orally moved for a trial by jury. No court reporter was present and no formal hearing was held, but the court indicated that since defendant had previously waived his right to a jury trial, he "was no longer entitled to a jury." Later that same day, defendant's counsel tendered a written motion for trial by jury, which did not assign any grounds for the request.

On December 3, the day of trial, defendant renewed his motion, which was again denied. The record fails to show that defendant ever stated to the trial court any reason or explanation in support of the motion to withdraw the waiver. The trial judge stated that he was "concerned with the overall administration of justice and the orderly scheduling" of cases for trial. He mentioned that the court had been "forced" to have arraignment well in advance of the day of trial and that he

required a defendant to then elect whether he desired to be tried by the court or a jury. He said that the procedure had been put into effect to avoid the "problem" created when a defendant waited until just before the trial commenced to make known his decision whether or not he desired trial by jury.

There is no absolute constitutional right to withdrawal of a knowing, intentional and voluntary waiver of trial by jury. *Riadon* v. *United States,* 274 F.2d 304, 307 (6th Cir.), *cert. denied,* 364 U.S. 896 (1960); *State* v. *Rankin,* 102 Conn. 46, 127 A. 916 (1925); *Sutton* v. *State,* 163 Neb. 524, 80 N.W.2d 475 (1957). And, as the majority points out, the decision to permit or deny withdrawal of the waiver is within the sound discretion of the trial court. But when dealing with such a fundamental right, the trial court's decision to deny the withdrawal should be approached cautiously and carefully.

In this case, there is no question that defendant's waiver of this important right, upon advice of retained counsel, was an effective one. But this was followed by a naked request to revoke the waiver which was unsupported by any reason or excuse whatever. Yet, my brethren decide the court below abused its discretion in denying the motion. The upshot has been to accord defendant in this case an unrestricted privilege to withdraw the waiver.

The majority concludes that the motion was timely, that it was not made to obtain a continuance, and that an unreasonable delay of the trial would not result if the motion had been granted. I think the record demonstrates otherwise.

The motion was untimely. After having obtained at least two continuances, defendant waited to make the motion until the court's trial schedule through January had been fixed at the November docket call. Defendant's attorney bypassed the opportunity to make the motion during at least two court appearances, once at the November hearing on the motion for a continuance and again at the November docket call.

The purpose of the motion was to delay the trial. This is a reasonable conclusion to be drawn from defendant's tactic, given the fact that defendant had obtained at least two prior postponements, and especially since no ground for the motion was ever assigned. The record establishes that "the court had scheduled its work throughout the month[s] of December and

January", thus negating any inference that time on December 3 was available on the court's calendar for a jury trial, even if a jury could have been impanelled for that day.

And, granting the motion would certainly have resulted in a further and unreasonable delay of the trial. As has been stated, the trial calendar had been fixed through January. The February term began on the second Monday. So, at the earliest, a jury trial could not have been scheduled before February 15, 1977, more than six months after defendant's arrest for these misdemeanors.

Orderly management of a court calendar is essential to efficient administration of the criminal justice system. The disruption caused by an untimely, willy-nilly withdrawal of a valid waiver of trial by jury prejudices not only other defendants awaiting trial but also discommodes witnesses and jurors alike, thereby adversely affecting the overall cause of justice. The majority's decision in this case, in which no reason was given in support of defendant's motion, can only have the effect of arming defendants with a potent weapon with which to frustrate the bona fide efforts of trial judges to manage an increasingly heavy criminal caseload. I would affirm.