Norfolk
HARVEY LEE PATTERSON, JR.
v.
COMMONWEALTH OF VIRGINIA
No. 1109-93-1
and
CHERYL S. PATTERSON
v.
COMMONWEALTH OF VIRGINIA
No.: 1111-93-1
Decided February 21, 1995

COUNSEL

Timothy E. Miller, Public Defender, for appellants.

Kathleen B. Martin, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—On appeal from their convictions, in a joint bench trial, of possession of cocaine and possession of marijuana, Harvey Lee Patterson, Jr. and Cheryl S. Patterson contend that the trial court erred (1) in denying their motion to withdraw their waiver of a jury trial, and (2) in holding that possession of marijuana was a lesser offense included within the indictments charging them with manufacturing marijuana. We find no error and affirm the judgments of the trial court.

On August 25, 1992, the police executed a search warrant at the Pattersons' residence. They found two pipes containing cocaine residue, one gram of marijuana in the kitchen, seven grams of marijuana in the Pattersons' truck, seven marijuana plants weighing two hundred and fifty-four grams in the woods outside the residence, and two books on the subject of growing marijuana.

On October 28, 1992, the Pattersons were indicted for possessing cocaine and manufacturing marijuana. At their arraignment

on November 12, 1992, after conferring with their attorney, they waived trial by jury and asked to be tried jointly. The trial court found the waiver to be knowing, intelligent, and voluntary. With the concurrence of the Commonwealth's Attorney and the court, the charges were set for a joint bench trial February 23, 1993. On the day of trial, the Pattersons moved to withdraw their jury trial waiver and asked for trial by jury. The trial court denied the motion as untimely, holding that the withdrawal of the waiver on the day of trial would delay the proceedings and congest the court's docket.

At trial, the Pattersons objected to the admission into evidence of the marijuana plants seized near the appellants' residence. Holding that the evidence did not establish that the plants were found within the Suffolk City limits, the trial court sustained this objection. At the close of the Commonwealth's case, the Pattersons moved to strike the manufacturing of marijuana charge, arguing that the evidence was insufficient. The trial court granted the motion, but ruled that the Commonwealth had established a *prima facie* case of possession of marijuana.

The appellants presented no evidence. The trial court found the Pattersons guilty of possession of cocaine and possession of marijuana.

■ The Pattersons first contend that they were denied their constitutional right to a jury trial. They concede that when there has been a knowing, intelligent, and voluntary waiver of trial by jury, there is "no absolute constitutional right" to withdraw that waiver. *Carter v. Commonwealth*, 2 Va. App. 392, 399, 345 S.E.2d 5, 9 (1986). However, they argue that withdrawal of the waiver is generally allowed if the motion to withdraw is made timely. "Where there is no showing that granting the motion would unduly delay the trial or would otherwise impede justice, the motion is usually held to be timely." *Thomas v. Commonwealth*, 218 Va. 553, 555, 238 S.E.2d 834, 835 (1977). The Pattersons contend that the trial judge's finding regarding delay in the trial and congestion of the court's docket is insufficient. We disagree.

■ Whether a defendant who has waived his right to a jury trial will be allowed to withdraw his consent lies within the trial court's sound discretion. *Id.* at 555, 238 S.E.2d at 835.

The authorities are uniformly to the effect that a motion for withdrawal of waiver made after the commencement of the trial is not timely and should not be allowed. Whether a motion for the withdrawal of a waiver of trial by jury made prior to the actual commencement of the trial of the case is timely depends primarily upon the facts and circumstances of the individual case.

*Id.*

The Pattersons' waiver of trial by jury at their arraignment was knowing, intelligent, and voluntary. They had three months to change their minds. Their motion to withdraw their waiver, made on the day of trial, was untimely. The granting of that motion would have required rescheduling the trial for a later date, thus delaying its orderly progress, and would have left the case pending on the docket. The trial court did not abuse its discretion in denying the motion.

The Pattersons next contend that their convictions for possession of marijuana were not encompassed within the indictments charging them with manufacturing marijuana. They argue that simple possession is not a lesser offense included in manufacturing, but is entirely separate. Thus, they argue, they had no notice of a charge of possession. They argue that no evidence connected the marijuana admitted into evidence with that which was excluded and on which the Commonwealth sought to prove manufacturing. Therefore, they argue, they were entitled to receive separate notice of the offense of simple possession. We disagree.

■ "Every person accused of the commission of a crime and brought into the court as a defendant has the right to demand and to be told in plain language the complaint against him . . . ." *Spear v. Commonwealth*, 221 Va. 450, 454, 270 S.E.2d 737, 739-40 (1980). An accused may be acquitted of a greater offense but convicted of a lesser offense, if the lesser offense is "substantially charged" in the indictment. *Ashby v. Commonwealth*, 208 Va. 443, 444-45, 158 S.E.2d 657, 658 (1968). "A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense." *Kauffmann v. Commonwealth*, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989).

■ To prove the manufacture of marijuana, the Commonwealth must prove that the defendant planted, cultivated, grew or harvested marijuana. *King v. Commonwealth*, 2 Va. App. 708, 711, 347 S.E.2d 530, 531 (1986). To prove possession of marijuana, "the Commonwealth must prove that the defendant was aware of the presence and character of the [marijuana], and that he intentionally and consciously possessed [it]." *Davis v. Commonwealth*, 12 Va. App. 728, 733, 406 S.E.2d 922, 924 (1991). A person cannot manufacture marijuana without also possessing it; therefore, the elements of possession are "constituent parts" of the greater offense of manufacturing. *Taylor v. Commonwealth*, 11 Va. App. 649, 653, 400 S.E.2d 794, 796 (1991). Thus, possession of marijuana is a lesser offense included in the offense of manufacturing marijuana. *Spear*, 221 Va. at 457, 270 S.E.2d at 742.

The indictments supported the Pattersons' convictions of the lesser included offense of possession. The offense of possession was "substantially charged" in the indictment because it was an element of manufacturing. *Ashby*, 208 Va. at 444-45, 158 S.E.2d at 658. *See* Code § 19.2-285.

The judgments of the trial court are affirmed.

*Affirmed.*

Baker, J., and Elder, J., concurred.