# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Commonwealth of Virginia

v.

Douglas Richard Wall

September 12, 1996

Case Nos. CR96-211, CR96-212

BY JUDGE JOHN W. SCOTT, JR.

This matter came before the court on August 22, 1996, for a trial without a jury, the defendant having been charged with breaking and entering in violation of § 18.2-91, Code of Virginia, and grand larceny in violation of § 18.2-95, Code of Virginia. On the motion of the Commonwealth, with the consent of the defendant, the trial was continued to October 31, 1996, at 9:00 a.m. due solely to the fact that the Commonwealth's material witnesses, who had been duly subpoenaed, were out of the country and, therefore, unavailable to testify.

The Commonwealth then advised the court that it wished to withdraw its waiver of trial by jury and requested that this matter be rescheduled for trial with a jury. The defendant objected to the Commonwealth's withdrawal of its consent to waive trial by jury and argued that the Commonwealth had not presented any reasons for the withdrawal of the waiver, such as a mistake, misunderstanding, or prior misrepresentation. The Commonwealth confirmed that waiver of trial by jury at the time of the defendant's arraignment on July 2, 1996, was intentional. Furthermore, the Commonwealth conceded that had this matter proceeded to trial on August 22, 1996, the defendant's guilt or innocence would have been determined by the court sitting without a jury.

The waiver of trial by jury in a criminal case is addressed in Article I, Section 8, of the Virginia Constitution, which states in part:

in criminal cases the accused may plead guilty. If the accused pleads not guilty, he may, with his consent and the concurrence of the Commonwealth's Attorney and of the Court of record, be tried by a smaller number of jurors, or waive a jury. In case of such waiver or plea of guilty, the court shall try the case.

In cases involving a defendant's withdrawal of a waiver of trial by jury, the Supreme Court of Virginia has adopted the rule that, if the withdrawal of the waiver will not cause substantial delay or impede the cause of justice, the trial court, in its discretion, should allow the waiver to be withdrawn. *Thomas v. Commonwealth*, 218 Va. 553, 555 (1977). While this case addresses the right of the defendant to withdraw his waiver of trial by jury, this court is of the opinion that the same standard should apply if the Commonwealth seeks to withdraw its concurrence of a waiver.          In the case before the court, the trial will not take place for approximately ten weeks from the date when the Commonwealth gave its notice to withdraw its concurrence. Under the circumstances there will be no delay. Nor can the court conceive of any manifest injustice or unfairness to the defendant given the Commonwealth's option to have all criminal cases that are heard in courts of record tried with a jury. (See Article I, Section 8, Const. of Va.)

The right of a defendant to be tried by a jury and the right of the Commonwealth to require jury trials for all cases tried in courts of record are both based on constitutional mandates. While the purpose and practical application of these rights to jury trials are different, the standard governing a trial court's decision concerning either party's request to change their position in the exercise of these rights must be the same. A party's decision to affirmatively exercise a right must be jealously protected, while a party's decision to waive a right must be meticulously scrutinized. A defendant's right to be impartially judged by a jury of his peers is equally as important as the Commonwealth's right to have the community determine the propriety and, if applicable, the punishment for alleged criminal conduct.

For these reasons it is adjudged, ordered, and decreed that the motion of the Commonwealth to withdraw its concurrence to the defendant's waiver of trial by jury is granted. This matter is set for trial with a jury on October 31, 1996, at 9:00 a.m.