COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Richmond, Virginia


WAYNE GIBSON WEIS
                                          MEMORANDUM OPINION[*] BY
v.   Record No. 1986-95-2                 JUDGE MARVIN F. COLE
                                             JANUARY 7, 1997
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF GOOCHLAND COUNTY
                      F. Ward Harkrader, Jr., Judge

            Jeffrey L. Galston (Hyder, Lowe & Galston, on
            brief), for appellant.

            Eugene Murphy, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     On appeal from his conviction, Wayne Gibson Weis (defendant)

contends that the trial court erred in refusing to permit him to

withdraw his waiver of a jury trial and in proceeding with a

bench trial.  We find no error and affirm the judgment of the

trial court.

     On November 25, 1994, a Goochland County grand jury indicted

the defendant upon two counts of statutory burglary and one count

of grand larceny.  At arraignment on February 17, 1995, the

defendant entered not guilty pleas to all three charges.  Upon

examination by the trial judge, Weis testified that he was twenty

(20) years old and fully understood the charges against him.

After discussing the matter with his attorney, Weis stated that

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

he wished to be tried by the court rather than a jury.  Both the court and the prosecution agreed to the waiver of trial by jury.  The defendant's knowing and voluntary waiver of a trial by jury was noted in the court's order regarding the February 17, 1995 hearing.

On February 24, 1995, defense counsel moved the court for a psychological evaluation to determine the defendant's sanity at the time of the offense.  The motion was granted, and the matter was set for review on March 24, 1995.  On that date, the psychological evaluation had not been completed, thus the case was continued on the defendant's motion to the April term day.  On April 11, 1995, the case was continued to April 14, 1995.  On April 14, 1995, the case was set for trial on May 9, 1995.  On May 9, 1995, the defendant again requested a continuance and the case was set for trial without a jury on June 9, 1995.

On the day of the trial on June 9, 1995, almost four months after the defendant's waiver of a trial by jury, the defendant informed the court that he wished to withdraw the waiver and be tried by a jury.  Counsel advised the court that the defendant had "good reasons" for making this election, but no reasons were disclosed to the court.  Counsel advised the court that the defendant had been attempting to contact him for three or four days, but they had not been able to connect with one another.

The Commonwealth's attorney opposed the motion on the ground that it was not timely made.  He cited the approximately four

month delay brought about by the defendant's motion for a psychological evaluation. He advised that the Commonwealth would be prejudiced by a delay to arrange a jury trial because of inconvenience to the two victims, both of whom were present. One victim had made several trips to the court concerning the case, and the other lived in Northern Virginia, requiring a journey of several hours to be present in court.

Referring to the numerous prior continuances, the trial judge ruled that the motion to withdraw the waiver of trial by jury was untimely. He commented that a failure to proceed would be prejudicial to the Commonwealth and its witnesses. Therefore, the bench trial proceeded.

The Commonwealth presented the testimony of Joan Cawthon and Barbara Wyatt, the owners of the properties where the break-ins occurred. Charles Mongold, an accomplice, testified concerning the burglaries and the larceny, implicating the defendant. Two other accomplices, Wayne Anderson and Phillip Hayes, refused to answer some of the questions propounded to them by the prosecution. The trial judge ordered them to answer the questions, but they refused. Both were held in contempt, and the trial recessed indefinitely until they agreed to testify.

On June 22, 1995, the trial resumed. Without introducing any further evidence, the Commonwealth rested. The defendant did not put on any evidence. Following closing arguments, the trial judge found the defendant guilty of statutory burglary, grand

larceny, and unlawful entry.

On appeal, the sole issue is whether the trial court abused its discretion in refusing to allow the defendant to withdraw his waiver of trial by jury, which was timely made, and to have his case tried by a jury.

Article I, Section 8 of the Constitution of Virginia guarantees to an accused in a criminal case the right to a jury trial. This same section of the Constitution permits an accused who pleads not guilty to waive a jury and to be tried by the court "with the consent and the concurrence of the attorney for the Commonwealth and of the court entered of record . . . ." Va. Const. Art. I, § 8. See also Code § 19.2-257 and § 19.2-258; Rule 3A:13(b).

The leading case in Virginia deciding when an accused may withdraw a waiver of a jury trial is Thomas v. Commonwealth, 218 Va. 553, 238 S.E.2d 834 (1977). The general rule is stated as follows:

> "Whether one accused of crime who has regularly waived a jury trial will be permitted to withdraw the waiver and have his case tried before a jury is ordinarily within the discretion of the trial court. The rule, as expressed in some cases, is that if an accused's application for withdrawal of waiver is made in due season so as not to substantially delay or impede the cause of justice, the trial court should allow the waiver to be withdrawn.
>
> The authorities are uniformly to the effect that a motion for withdrawal of waiver made after the commencement of the trial is not timely and should not be allowed. Whether a motion for the withdrawal of a

4

> waiver of trial by jury made prior to the
> actual commencement of the trial of the case
> is timely depends primarily upon the facts
> and circumstances of the individual case.
> <u>Where there is no showing that granting the
> motion would unduly delay the trial or would
> otherwise impede justice, the motion is
> usually held to be timely</u>.  In some cases,
> however, it has been held that a motion for
> withdrawal of a waiver of jury trial,
> although made prior to the trial, was not
> timely and was properly denied by the trial
> court, the decisions in these cases being
> based primarily upon the ground that granting
> the motion wold have resulted in an
> unreasonable delay in the trial."

<u>Id.</u> at 555, 238 S.E.2d at 835 (citations omitted).  <u>See</u> <u>also</u>

<u>Patterson v. Commonwealth</u>, 19 Va. App. 698, 700–01, 454 S.E.2d

367, 369 (1995); <u>Wright v. Commonwealth</u>, 4 Va. App. 303, 308–09,

357 S.E.2d 547, 549 (1987); <u>Carter v. Commonwealth</u>, 2 Va. App.

392, 398–99, 345 S.E.2d 5, 9 (1986).

The defendant does not dispute the fact that he knowingly,

intelligently and voluntarily waived his right to a jury trial at

the arraignment held on February 17, 1995 and that both the trial

judge and the prosecution concurred.  He contends that his motion

to withdraw the waiver of a jury trial was timely made at trial

on June 9, 1995.  However, our review of the record discloses

that four months, lacking one week, had elapsed since the waiver

was made at the arraignment.  The delay in scheduling the trial

was mostly attributable to the defendant.  On February 17, 1995,

the trial judge granted defendant's motion for a psychological

evaluation for sanity on the date of the crimes.  The case was

set for March 24, 1995, to review the evaluation.  After several

5

continuances relating to the completion of the evaluation, the trial judge specifically asked defense counsel on April 14, 1995 if this was to be a jury trial. The defendant responded "no," and the case was set for trial on May 9, 1995. On this date the defendant was required to appear in the Circuit Court of Mecklenburg County as a witness and by agreement of all parties Weis' case was again continued to June 9, 1995. At none of these court appearances did defendant indicate a desire to withdraw his waiver of a jury trial.

When the motion to withdraw the waiver of the jury trial was raised for the first time at trial, neither the defendant nor his counsel provided any reason for a jury trial instead of a bench trial. The Commonwealth demonstrated the prejudice that its witnesses would suffer should the court permit a continuance to allow a jury trial. In addition, several prisoners had been transported from correctional centers to appear as witnesses for the Commonwealth, creating the potential for additional security problems.

Upon these arguments, the trial court found that the motion to withdraw the waiver of a jury trial was untimely, denied the motion, and ordered that the bench trial proceed. Based upon this record we find that the trial court did not abuse its discretion to deny the motion to withdraw the waiver of a jury trial.

In argument before this Court, defense counsel admitted that

the trial judge would have acted within his discretion in denying the motion to withdraw the waiver of a jury trial except for the refusal of two of the Commonwealth's witnesses to testify. Anderson and Hayes were held in contempt for refusing to answer the prosecutor's questions, and the case was recessed indefinitely. The defendant argues on appeal that since the case had to be recessed that the trial judge should have reconsidered the motion to withdraw the waiver of a jury trial because the reasons for denying the motion no longer existed. He also argues that if the Commonwealth had properly prepared its case through discovery and had determined what the testimony of Anderson and Hayes would be, the recess would not have been necessary.

However, the defendant did not renew his motion to withdraw the waiver of a jury trial and did not request the trial judge to reconsider his ruling in any manner. Therefore, the trial judge had no opportunity to rule upon the question the defendant now presents to this Court.

It is well established that on appeal a ruling of a trial court cannot be a basis for reversal unless an objection is stated together with the grounds therefore at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991)(en banc); Rule 5A:18. Arguments not presented to the trial court will not be entertained on appeal. Jacques v. Commonwealth, 12 Va. App. 591,

7

593, 405 S.E.2d 630, 631 (1991). Finding no justification for the application of the "good cause" or "ends of justice" exceptions to Rule 5A:18, we are precluded from considering this argument. See Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). We find that this argument is procedurally barred.

Based upon the foregoing, we affirm the defendant's convictions.

Affirmed.