COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


JUNE ALLISON JONES
                                            OPINION BY
v.        Record No. 1564-96-1    JUDGE JERE M. H. WILLIS, JR.
                                            MAY 6, 1997
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    William F. Rutherford, Judge

            Robert F. Hagans, Jr., for appellant.

            Robert H. Anderson, III, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


        On appeal from her bench trial conviction of distributing cocaine, June Allison Jones contends that she was denied her statutory and constitutional right to trial by jury and that the trial court abused its discretion in denying her motion for a continuance. Because the trial court erroneously denied Ms. Jones her right to a jury trial, we reverse her conviction. We need not address the continuance issue.

        On December 6, 1995, Ms. Jones was indicted for distributing cocaine. On that date, the trial court entered a scheduling order, which stated that the case would be tried on January 18, 1996. A checked box noted that "The Defendant requests trial by the court without a jury." Ms. Jones' attorney, the attorney for the Commonwealth and the trial judge signed this order. Ms. Jones did not.

        On January 16, 1996, the trial court granted Ms. Jones a

continuance until February 21, 1996.  The continuance order was signed by the attorney for the Commonwealth, the trial judge and Ms. Jones' counsel.  The continuance order noted that Ms. Jones had requested a bench trial.

On February 21, 1996, Ms. Jones was arraigned and the following dialogue ensued:

    THE CLERK:  Do you wish to be tried by this court or by a jury?

    THE DEFENDANT:  By a jury.

    THE COURT:  Denied.

            *    *    *    *    *    *    *

    BY THE COURT:

        Q.   All right.  Ma'am, had you informed your attorney before now that you wanted to be tried by a jury?

        A.   We talked about it.  We never made a decision.

        Q.   All right.  And you were indicted December the 6th of 1995.
         You had -- Was there a preliminary hearing?

    COMMONWEALTH'S ATTORNEY:  There was, Judge. We had the preliminary hearing on November 8, 1995, at which time the charges were certified by Judge Spencer.

    THE COURT:  All right.  The order was signed and entered December 6th of '95, indicating by the court without a jury, and so we will be proceeding with your trial at this time.

Ms. Jones contends that she never waived her right to a jury

trial.[1]  To waive trial by jury, the accused must give express

and intelligent consent, McCormick v. City of Virginia Beach, 5

Va. App. 369, 372, 363 S.E.2d 124, 125 (1987), and that consent,

with the concurrence of the attorney for the Commonwealth and the

trial judge, must be entered of record.  Va. Const. Art. I, § 8;

Wright v.Commonwealth, 4 Va. App. 303, 308, 357 S.E.2d 547, 550

(1987); Rule 3A:13(b).

The Commonwealth contends that the record establishes that

Ms. Jones waived her right to a jury trial.  In pertinent part,

the felony trial order recites that:

> After being first advised by his [sic]
> counsel and by the Court of his [sic] right
> to trial by jury, the defendant, in person,
> knowingly and voluntarily waived a trial by
> jury and with the concurrence of the Attorney
> for the Commonwealth and the Court, here
> entered of record, the court proceeded to try
> the case without the intervention of a jury,
> as provided by law.

"A court speaks only through its orders."  Cunningham v. Smith,

205 Va. 205, 208, 135 S.E.2d 770, 773 (1964).  We "'presume that

the order, as the final pronouncement on the subject, rather than

a transcript that may be flawed by omissions, accurately reflects

what transpired.'"  Kern v. Commonwealth, 2 Va. App. 84, 88, 341

S.E.2d 397, 400 (1986) (citation omitted).

---

[1]  The Commonwealth argues that Ms. Jones failed to preserve this issue for appeal, in accordance with Rule 5A:18.  We conclude from the transcript that Ms. Jones specifically requested a jury trial and that the trial judge considered and ruled on the question.  Therefore, Rule 5A:18 does not bar our review of the merits of this appeal.  See Wright v. Commonwealth, 4 Va. App. 303, 305, 357 S.E.2d 547, 549 (1987).

While we presume the correctness of the felony trial order's recitation of the proceedings, the record unquestionably refutes the order's recital that Ms. Jones expressly and intelligently waived her right to a jury trial. She did not consent to be tried without a jury. Rather, she asserted her right to a jury trial. The trial court erroneously rejected her demand. It did not advise Ms. Jones of her right to a jury trial. It did not ascertain that she understood that right. It did not inquire as to the extent of her discussions with her attorney concerning a jury trial or whether she had authorized her attorney to waive a jury on her behalf. Thus, beyond question, the record of the proceedings does not support a finding that Ms. Jones had "knowingly and voluntarily waived a trial by jury."

Rule 3A:13(b) sets forth the requisite procedures by which an accused may validly waive a trial by jury:

> If an accused who has pleaded not guilty in a circuit court consents to trial without a jury, the court may, with the concurrence of the Commonwealth's attorney, try the case without a jury. The court <u>shall determine before trial that the accused's consent was voluntarily and intelligently given</u>, and his consent and the concurrence of the court and the Commonwealth's attorney shall be entered of record.

(Emphasis added).

In this case, the trial court erroneously relied upon the scheduling order and failed to determine whether Ms. Jones voluntarily and intelligently consented to trial without a jury.

Despite the scheduling order's notation that Ms. Jones elected trial by the court without a jury, the requirement remained that her consent be manifested by "a showing of some deliberate action by the accused indicating an election to forego [her] right to a jury trial." Wright, 4 Va. App. at 306, 357 S.E.2d at 549 (emphasis added). To the contrary, at her arraignment, Ms. Jones specifically requested a jury trial and stated her prior indecision regarding waiver in discussions with her attorney.

This is not a case where an accused validly waives a jury trial and then seeks to withdraw that waiver. See Patterson v. Commonwealth, 19 Va. App. 698, 454 S.E.2d 367 (1995). Rather, the narrow question presented by this appeal is whether an attorney may, without authorization, surrender an accused's right to a jury trial, and, thereby, permit the trial court to presume conclusively the effectuation of a valid waiver. Rule 3A:13(b) forbids this practice. Because waiver of a constitutional guarantee requires express and intelligent consent by the accused, a trial court may not rely on a defense attorney's waiver of an accused's right to a jury trial, by itself, as a de facto manifestation of voluntary and intelligent consent by the accused. See Norton v. Commonwealth, 19 Va. App. 97, 99-100, 448 S.E.2d 892, 893 (1994).

While we recognize the difficulty in accommodating last minute requests for jury trials, trial courts "should not transfer to the attorney for the Commonwealth or to defense

counsel the sole responsibility to timely determine the need for a jury." <u>Wright</u>, 4 Va. App. at 309, 357 S.E.2d at 551. Indeed, "[i]f defense counsel declines -- or is unable because his client has not made the decision -- to advise the court as to whether the defendant will waive trial by jury, Code § 19.2-257 provides a vehicle to prevent the reoccurrence of the delay caused by a defendant's last hour election" by permitting the Commonwealth or the trial court to "demand the presence of a jury on the date the matter is scheduled." <u>Carter v. Commonwealth</u>, 2 Va. App. 392, 398, 345 S.E.2d 5, 9 (1986).

Because we conclude that Ms. Jones did not validly waive her right to a jury trial, we reverse her conviction and remand the case for a new trial, if the Commonwealth be so advised.

<u>Reversed and remanded</u>.