COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Felton and Kelsey
Argued at Salem, Virginia

SHERMAN O. DAVIS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 3318-02-3              JUDGE ROBERT J. HUMPHREYS
                                                          DECEMBER 2, 2003

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

Robert T. Garnett, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Kathleen B. Martin, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Sherman O. Davis appeals his conviction, entered after a bench trial, for delivering or

conspiring to deliver marijuana to an inmate, in violation of Code § 18.2-474.1. Davis contends

the trial court erred in denying his request for a jury trial. For the reasons that follow, we affirm

the judgment of the trial court.

I. Background

Davis was indicted on April 22, 2002 for delivering or conspiring to deliver marijuana to

a prisoner. On May 13, 2002, the court appointed counsel from the public defender's office to

represent Davis and scheduled the trial for August 28, 2002. Sometime between the date counsel

was appointed and the trial date, Davis's counsel contacted the court and informed the judge that

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication. Further,
because this opinion has no precedential value, we recite only those facts essential to our
holding.

he expected the trial to "take four hours" and that Davis had requested a bench trial. The Commonwealth subsequently agreed.

During Davis's arraignment on August 28, 2002, Davis refused to provide the court with his date of birth, contending that he had "used so many aliases in the years," he "couldn't recall [his] date of birth." Davis then pleaded not guilty and advised the court that he was not satisfied with the services of his counsel. Davis further stated that he was not ready for trial and claimed that he had requested a jury trial.

Upon questioning by the court, Davis's counsel informed the court that Davis had "instructed" him to request a bench trial. Counsel stated he had discussed the matter with Davis, but claimed "he never asked me to ask that the case be set with a jury. My office – I asked this court to schedule it for a bench trial on his instructions."

Noting that Davis's counsel was "advised that [Davis] didn't want a jury," the trial court found that Davis "knowingly, intentionally, and voluntarily waived his right to a jury." After further noting that the Commonwealth and the court consented to Davis's trial without a jury, the trial court denied Davis's demand for a jury trial and commenced with the trial. The trial court subsequently found Davis guilty of the offense charged.

Prior to sentencing, Davis filed a motion to set aside the verdict contending the trial court erred in refusing to grant Davis's request for a jury trial. Specifically, Davis argued that, pursuant to "Virginia Rule 3A:13," and "Virginia case law," his conviction must be set aside because the trial court failed to "include in the record" his "consent to waive his right to be tried by a jury." At the sentencing hearing, the trial court considered argument on Davis's motion, but denied it, finding that because of the "time difficulties getting these cases done,"[1] Davis's

---

[1] The trial court specifically noted in this regard that Davis's case was "getting awful close to the speedy trial time" and that "in this case, we had no date – absolutely no date at all available. . . . [T]he court's docket was full through several months."

demeanor before the court, Davis's counsel's communication to the court that he had requested a

bench trial, and Davis's failure to reasonably notify the court of his changed decision prior to

trial, Davis "waived his right to a jury."

## II.  Analysis

On appeal, Davis contends the trial court erred in refusing his request for a jury trial.

> To waive trial by jury, the accused must give express and
> intelligent consent, McCormick v. City of Virginia Beach, 5
> Va. App. 369, 372, 363 S.E.2d 124, 125 (1987), and that consent,
> with the concurrence of the attorney for the Commonwealth and
> the trial judge, must be entered of record.  Va. Const. Art. I, § 8;
> Wright v.Commonwealth, 4 Va. App. 303, 308, 357 S.E.2d 547,
> 550 (1987); Rule 3A:13(b).

Jones v. Commonwealth, 24 Va. App. 636, 639, 484 S.E.2d 618, 620 (1997).  Rule 3A:13(b) sets

forth the procedures by which an accused may validly waive a trial by jury:

> If an accused who has pleaded not guilty in a circuit court consents
> to trial without a jury, the court may, with the concurrence of the
> Commonwealth's attorney, try the case without a jury.  The court
> *shall determine before trial that the accused's consent was
> voluntarily and intelligently given*, and his consent and the
> concurrence of the court and the Commonwealth's attorney shall
> be entered of record.

Id. at 640, 484 S.E.2d at 620 (emphasis in original).  "[O]nce a defendant makes a voluntary and

intelligent waiver of this right, his request to withdraw that waiver and be tried by a jury is

subject to the [trial] court's discretion."  Commonwealth v. Williams, 262 Va. 661, 670, 553

S.E.2d 760, 764 (2001).

Davis argues the trial court erred because it failed to note in the record his knowing and

voluntary consent to be tried by a jury.  However, our review of the record reveals that the trial

court made an explicit factual finding that Davis waived his right to a jury trial by "instructing"

his counsel to request a bench trial.  Davis denied giving his counsel such an "instruction," but

Davis's counsel proffered to the court that Davis had instructed him to contact the court and

request a bench trial. Accordingly, Davis's counsel contacted the court, prior to the trial, and informed the court of Davis's request. We find the evidence sufficient to support this finding.

Indeed, contrary to Davis's contention, this is not a case where the trial court relied upon a scheduling order, signed only by Davis's counsel and the trial court, to determine that Davis voluntarily and intelligently consented to trial without a jury. See Jones, 24 Va. App. at 640-41, 484 S.E.2d at 620. In Jones, we found that "an attorney may [not], without authorization, surrender an accused's right to a jury trial, and, thereby, permit the trial court to presume conclusively the effectuation of a valid waiver." Id. at 641, 484 S.E.2d at 621. In that case, Jones informed the court that, despite her counsel's signature on a scheduling order waiving a jury trial, she had not waived her right to a jury, indicating that she had spoken about the issue with her attorney, but that she never reached a decision. We held that "[b]ecause waiver of a constitutional guarantee requires express and intelligent consent by the accused, a trial court may not rely on a defense attorney's waiver of an accused's right to a jury trial, *by itself*, as a *de facto* manifestation of voluntary and intelligent consent by the accused." Id. (emphasis added).

Here, the record demonstrates more than simply Davis's counsel's waiver of Davis's right to a jury trial. The record reflects that Davis's counsel specifically informed the court that he had spoken with Davis about his right to a jury trial and that Davis had "instructed" him to request a bench trial. Indeed, Davis agreed that he spoke with his counsel about his right to a jury trial, but denied that he instructed his counsel to request a bench trial. We thus find no error in the trial court's determination that Davis voluntarily and knowingly waived his right to a jury trial, prior to the commencement of trial. See Wright, 4 Va. App. at 306, 357 S.E.2d at 549 (noting that where the Commonwealth asserts that an accused "'elected a bench trial,'" "'[i]t is . . . necessary that this consent be in some manner made manifest. Something more than

- 4 -

simple silence must appear.'" (quoting <u>Boaze v. Commonwealth</u>, 165 Va. 786, 792, 183 S.E. 263, 265 (1936))).

We consider whether the trial court erred in granting what was effectively a request by Davis to withdraw his waiver of a jury trial. In <u>Thomas v. Commonwealth</u>, 218 Va. 553, 238 S.E.2d 834 (1977), the Supreme Court of Virginia stated the general rule regarding the withdrawal of a waiver of jury trial:

> Whether one accused of crime who has regularly waived a jury trial will be permitted to withdraw the waiver and have his case tried before a jury is ordinarily within the discretion of the [trial] court. The rule, as expressed in some cases, is that if an accused's application for withdrawal of waiver is made in due season so as not to substantially delay or impede the cause of justice, the trial court should allow the waiver to be withdrawn.

> The authorities are uniformly to the effect that a motion for withdrawal of waiver made after the commencement of the trial is not timely and should not be allowed. Whether a motion for the withdrawal of a waiver of trial by jury made prior to the actual commencement of the trial of the case is timely depends primarily upon the facts and circumstances of the individual case. Where there is no showing that granting the motion would unduly delay the trial or would otherwise impede justice, the motion is usually held to be timely. In some cases, however, it has been held that a motion for withdrawal of a waiver of jury trial, although made prior to the trial, was not timely and was properly denied by the trial court, the decisions in these cases being based primarily upon the ground that granting the motion would have resulted in an unreasonable delay of the trial.

218 Va. at 554, 238 S.E.2d at 835 (citations omitted); <u>see</u> <u>also</u> <u>Patterson v. Commonwealth</u>, 19 Va. App. 698, 454 S.E.2d 347 (1995).

The record here reflects that Davis had ample time to notify the court of his decision to revoke his waiver, prior to the trial. We thus find that his attempt to withdraw his waiver, made on the day of trial, was untimely. Indeed, as the trial court indicated, granting Davis's request would have required rescheduling the trial for a later date, thus delaying its orderly progress, and

would have left the case pending on the docket.  See Patterson, 19 Va. App. at 701, 454 S.E.2d at

369.  Accordingly, we hold that the trial court did not abuse its discretion in denying Davis's

request.

Affirmed.