COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Humphreys and Senior Judge Clements
Argued at Richmond, Virginia


EDGAR CUEVAS-ROSALES

                                            MEMORANDUM OPINION[*] BY
v.        Record No. 0444-09-2          CHIEF JUDGE WALTER S. FELTON, JR.
                                                    JULY 6, 2010
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Margaret P. Spencer, Judge

            J. Martelino, Jr., for appellant.

            Rosemary V. Bourne, Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Following a bench trial, Edgar Cuevas-Rosales ("appellant") was convicted of two charges

of robbery in violation of Code § 18.2-58, two charges of abduction in violation of Code § 18.2-48,

and four charges of use of a firearm in the commission of each of those felonies in violation of Code

§ 18.2-53.1.  He contends the trial court abused its discretion in denying his motion to withdraw his

previous waiver of trial by jury to permit him to be tried by a jury.

                                    I.  BACKGROUND

        On August 17, 2008, appellant was arrested, along with three other individuals, for robbery

and use of a firearm in the commission of robbery that occurred on August 8, 2008.  Following a

preliminary hearing on October 8, 2008, the robbery and use of a firearm charges from the August

8, 2008 incident were certified to a grand jury.

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Thereafter, on November 3, 2008, the grand jury indicted appellant on those charges, and directly indicted him for abduction and use of a firearm in the commission of abduction, arising out of the August 8, 2008 incident. It also directly indicted him for robbery, abduction, and use of a firearm in the commission of each of those felonies, arising out of a separate July 25, 2008 incident.

At a pretrial hearing on November 10, 2008, the trial court joined all the indictments for trial on the Commonwealth's motion. Counsel for appellant told the trial court that he "d[id]n't particularly think that this is going to be going to trial" and that he did not object to a bench trial. Plea negotiations between the Commonwealth and the various defendants were underway at that time. The trial court then set all of the indictments against appellant arising out of the two incidents for trial on December 16, 2008 without a jury, and stated that it would "have him waive his rights on that day." However, the Commonwealth requested that the trial court immediately proceed to have appellant waive his right to trial by jury that same day. The trial court then conducted a waiver of jury trial proceeding, following which appellant waived his right to a jury trial.

Less than a month later, on Sunday, December 7, 2008, nine days before his scheduled bench trial, appellant told his attorney that he did not want to accept the plea agreement proffered by the Commonwealth and that he wanted a jury trial. Appellant's counsel informed the Commonwealth of appellant's demand for a jury trial by a phone message the following day.[1] On December 12, 2008, four days before the scheduled bench trial, appellant filed a written "Notice of Demand for Jury Trial," dated December 10, 2008, with the trial court.[2] The record is silent as to whether either appellant's counsel or the Commonwealth sought to have appellant's motion heard by the trial court before the scheduled trial date.

---

[1] The Commonwealth did not contest this assertion at trial, nor has it done so on appeal.

[2] Appellant's "request for a jury trial was, in effect, a request to withdraw his previous jury trial waiver." Commonwealth v. Williams, 262 Va. 661, 671, 553 S.E.2d 760, 765 (2001).

The trial court heard appellant's motion for a jury trial immediately prior to the commencement of the scheduled bench trial on December 16, 2008. Appellant's attorney argued that granting appellant's request for a jury trial would not unduly delay the administration of justice, stating, "We are asking for a jury trial shortly." The Commonwealth argued that appellant's motion was not timely filed. It asserted that it had nine witnesses who were present and ready to testify that day, and who would be "inconvenienced" by any delay. There had been no prior continuances.

In denying appellant's motion, the trial court found that his earlier "waiver [of his right to a jury trial] was freely, knowingly, voluntarily, and intelligently made." It also found that his motion for a jury trial was untimely, stating:

> Even presuming that the Commonwealth had received the notice – the message that [appellant's counsel] left on December 8th, it was less than 10 days before trial, and at that point the witnesses, obviously, had already been subpoenaed. And, obviously, because it is required to be done at least 10 to 14 days before trial, they had already been subpoenaed. They are already been inconvenienced. They planned to be here.
>
> The Court has looked at all of the standards and the Court can't find that the waiver is necessary to promote the cause of justice -- I mean, the withdrawal is necessary to promote the cause of justice and the opposite. The Court could find that the cause of justice would be impeded if the motion was granted.

Before any witness was sworn, the trial court denied the separate motions of the Commonwealth and appellant that it arraign appellant and take his pleas to the indictments.[3] The trial court proceeded to trial at that time, stating, "He pled not guilty. . . . And he's waived his right to a jury trial." The record reflects that the trial court had not taken pleas to the indictments from appellant prior to that time. While the Commonwealth's first witness was testifying on direct, the trial court took a brief recess. During that recess, the trial court arraigned

---

[3] See Code § 19.2-254 (arraignment consists "of reading to the accused the charge on which he will be tried and calling on him to plead thereto").

- 3 -

appellant and accepted his plea of not guilty to each indictment. After the trial court heard the

evidence, it found appellant guilty of each of the indictments and sentenced him accordingly. This

appeal followed.

## II. ANALYSIS

Under the particular facts and circumstances reflected in the record on appeal, we conclude

the trial court abused its discretion in denying appellant's motion to withdraw his previous waiver of

jury trial and in denying his request for a jury trial.

"'[T]he right to a jury trial is one of the cornerstones of our legal system.'" Cokes v.

Commonwealth, ___ Va. ___, ___, ___ S.E.2d ___, ___ (June 10, 2010) (quoting Norfolk S. Ry.

Co. v. Bowles, 261 Va. 21, 28, 539 S.E.2d 727, 731 (2001)).

> Trial by jury is the normal and, with occasional exceptions, the
> preferable mode of disposing of issues of fact in criminal cases
> . . . . Not only must the right of the accused to a trial by a
> constitutional jury be jealously preserved, but the maintenance of
> the jury as a fact finding body in criminal cases is of such
> importance and has such a place in our traditions, that, before any
> waiver can become effective, the consent of government counsel
> and the sanction of the court must be had, in addition to the express
> and intelligent consent of the defendant. And the duty of the trial
> court in that regard is not to be discharged as a mere matter of rote,
> but with sound and advised discretion, with an eye to avoid
> unreasonable or undue departures from that mode of trial or from
> any of the essential elements thereof, and with a caution increasing
> in degree as the offenses dealt with increase in gravity.

Patton v. United States, 281 U.S. 276, 312-13 (1930).

> Article I, § 8 of the Constitution of Virginia guarantees to an
> accused in a criminal case the right to a jury trial. This same
> section of the Constitution of Virginia, however, also permits an
> accused who pleads not guilty to waive a jury and to be tried by the
> court with the concurrence of the attorney for the Commonwealth
> and the court entered of record.

Thomas v. Commonwealth, 218 Va. 553, 554-55, 238 S.E.2d 834, 835 (1977); see also Code

§ 19.2-257 ("if the accused plead not guilty, with his consent after being advised by counsel and

the concurrence of the attorney for the Commonwealth and of the court entered of record, the court shall hear and determine the case without the intervention of a jury"); Rule 3A:13(b) ("[i]f an accused who has pleaded not guilty in a circuit court consents to trial without a jury, the court may, with the concurrence of the Commonwealth's attorney, try the case without a jury").

Moreover, "[w]here there has been a knowing, intentional and voluntary waiver of the right to a jury trial there is no absolute constitutional right to withdraw it." Carter v. Commonwealth, 2 Va. App. 392, 398-99, 345 S.E.2d 5, 9 (1986). Recently, in Cokes, the Supreme Court concluded that

> "[w]hether one accused of crime who has regularly waived a jury trial will be permitted to withdraw the waiver and have his case tried before a jury is ordinarily within the discretion of the [trial] court. The rule, as expressed in some cases, is that if an accused's application for withdrawal of waiver is made in due season so as not to substantially delay or impede the cause of justice, the trial court should allow the waiver to be withdrawn.
>
> The authorities are uniformly to the effect that a motion for withdrawal of waiver made after the commencement of the trial is not timely and should not be allowed. Whether a motion for the withdrawal of a waiver of trial by jury made prior to the actual commencement of the trial of the case is timely depends primarily upon the facts and circumstances of the individual case. *Where there is no showing that granting the motion would unduly delay the trial or would otherwise impede justice, the motion is usually held to be timely.* In some cases, however, it has been held that a motion for withdrawal of a waiver of jury trial, although made prior to the trial, was not timely and was properly denied by the trial court, the decisions in these cases being based primarily upon the ground that granting the motion would have resulted in an unreasonable delay of the trial."

___ Va. at ___, ___ S.E.2d at ___ (quoting Commonwealth v. Williams, 262 Va. 661, 670, 553 S.E.2d 760, 764 (2001)). See generally H. H. Henry, Annotation, Withdrawal of Waiver of Right to Jury Trial in Criminal Case, 46 A.L.R.2d 919 (1956) (discussing various factors which should be considered by trial courts as set forth in cases annotated therein).

- 5 -

In Thomas, the Supreme Court held that the trial court abused its discretion in not permitting the accused to withdraw his prior waiver of trial by jury on the day of trial. 218 Va. at 554, 238 S.E.2d at 835. There, the trial court found that the accused's motion, filed eleven days prior to trial, was untimely. There, as here, the trial court did not act on the motion until the day of the scheduled trial. In denying the accused's motion to withdraw his waiver of jury trial, the trial court stated that permitting the withdrawal of the waiver "would interfere with the orderly administration of justice in th[e] court." Id. On appeal, the Supreme Court noted:

> *The record is devoid of any showing* that a jury could not have been impaneled for the [scheduled] trial [date]; that the motion was made *solely* for the purpose of delay; and that a continuance of the cases for a trial during the [following] term of court . . . *would unduly delay the trial or impede the cause of justice*.

Id. at 556, 238 S.E.2d at 835-36 (emphases added).

The record before us does not show that the trial court found that appellant's request for a jury trial would have substantially or unreasonably delayed his trial or impeded the cause of justice. See Cokes, ___ Va. at ___, ___ S.E.2d at ___ (record failed to establish that motion for withdrawal heard on scheduled trial date was made solely for purpose of delay, that jury trial could not have been conducted that day, or that rescheduling trial would present any undue burden to witnesses); Thomas, 218 Va. at 556, 238 S.E.2d at 835-36. Here, there had been no prior continuances granted for any reason. The record does not contain any finding by the trial court that a jury trial could not have been conducted on the scheduled trial date or shortly thereafter, nor does it show that any of the witnesses would not be available for trial at a later date. The only findings by the trial court on the record were that any delay to provide appellant a jury trial would be an inconvenience to the witnesses who were present and that permitting appellant to withdraw his prior waiver of jury trial was not "necessary to promote the cause of justice and the

opposite." The trial court stated that it "*could* find that the cause of justice would be impeded if the motion was granted," but it did not make that finding explicitly. (Emphasis added).

In Cokes, the Supreme Court stated:

> Instead of establishing that granting [appellant's] motion "would unduly delay the trial or would otherwise impede justice," the record leaves this Court to speculate whether [appellant's] request could have been honored in a timely fashion, thereby vindicating his constitutional and statutory rights without impeding the administration of justice. In the absence of such evidence, we hold that the trial court abused its discretion when it denied [appellant's] motion to withdraw his waiver of his right to a jury trial.
>
> *Our analysis today does nothing to undermine the broad discretion vested in trial courts to determine whether justice would be impeded by granting a defendant's motion to withdraw his waiver of a jury trial. It merely confirms that the basis of that determination must be established on the record.*

___ Va. at ___, ___ S.E.2d at ___ (emphasis added) (quoting Thomas, 218 Va. at 555, 238 S.E.2d at 835); see also United States v. Holmen, 586 F.2d 322, 323 (4th Cir. 1978) (no abuse of discretion by trial court in denying motion to withdraw waiver of jury trial where motion was made on "eve of trial" and record established that witnesses were required to travel great distances); Williams, 262 Va. at 671, 553 S.E.2d at 765 (no abuse of discretion by trial court in denying withdrawal of previous waiver of jury trial where record established that trial previously had been substantially delayed; that motion for withdrawal was made on day of trial after accused's motion for continuance was denied on preceding day; and that victim-witness was scheduled to leave country for three months); Patterson v. Commonwealth, 19 Va. App. 698, 701, 454 S.E.2d 367, 369 (1995) (no abuse of discretion by trial court in denying accused's motion for withdrawal of his prior jury trial waiver made on day of trial where record established that trial court's docket would be congested by delay). See generally 46 A.L.R.2d 919.

We are mindful of the trial court's appropriate desire to proceed to trial in a timely manner, and its concern that any delay to provide a jury trial for appellant, after his prior waiver,

might cause inconvenience and further disruption in the lives of the witnesses who were present and prepared to testify. Mindful of those concerns, however, we conclude that when the facts and circumstances shown in this record are weighed in light of appellant's core constitutional right to a trial by jury, and absent specific findings on the record that granting appellant's motion to withdraw his previous waiver of trial by jury would unduly, substantially, or unreasonably delay the trial or impede the cause of justice, the trial court abused its discretion in denying appellant's motion for withdrawal of his waiver and in denying his demand for a jury trial.

For the foregoing reasons, we reverse appellant's convictions and remand to the trial court for a new trial.

<u>Reversed and remanded.</u>

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk