Present:  All the Justices

COMMONWEALTH OF VIRGINIA

v.  Record No. 003033    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        November 2, 2001
HERBERT WILLIAMS, JR.


FROM THE COURT OF APPEALS OF VIRGINIA


In this appeal, we consider whether the Court of Appeals erred in reversing the circuit court's judgment on the ground that the failure to grant the defendant's request for a jury trial denied him a constitutional right.

Herbert Williams, Jr., was indicted for robbery in violation of Code § 18.2-58, for illegal use of a firearm in violation of Code § 18.2-53.1, and for unlawful wearing of a mask in violation of Code § 18.2-422.  He was accused of robbing Dost M. Khan, a hotel desk clerk, at gunpoint.  Williams was convicted of all three offenses in a bench trial in the Circuit Court of the City of Alexandria.  The court sentenced Williams to a total of 13 years' imprisonment and suspended five years of that sentence.

Williams appealed from his conviction to the Court of Appeals, which reversed and remanded the circuit court's judgment in a published opinion.  Williams v. Commonwealth, 33 Va. App. 506, 515, 534 S.E.2d 369, 373 (2000).  The Court of Appeals concluded, among other things, that the circuit court

erred when it refused to grant Williams' request for a jury trial. Id. The Commonwealth appealed from the judgment of the Court of Appeals.

We do not state the evidence presented at trial because it is not relevant here. However, we recite the procedural history of the case in the circuit court prior to trial because that history is important to an understanding of the issue in this appeal.

The case was originally set for trial on March 4, 1997. On Williams' motion, the case was continued to April 2, 1997, and Williams was released on bond. Williams became a fugitive for six months and was arrested again in October 1997. His trial was rescheduled for November 20, 1997.

On that date, Williams moved for a continuance and signed a jury waiver form. The jury waiver form stated that "I, the undersigned defendant hereby waive my right to a trial by jury, and request the court to hear all matters of law and fact in [this] case." After the Commonwealth's attorney and the presiding judge also signed the jury waiver form, the court entered an order continuing the case to January 21, 1998. The order noted that "the defendant, the Attorney for the Commonwealth and the Court signed the jury waiver form."

On January 20, 1998, the day before trial, Williams again asked for a continuance. The circuit court denied Williams'

2

motion. On the day of trial, Williams asked to be tried by a jury. Williams stated that he had changed his mind about wanting a jury trial because his expert witnesses were not available on that date and some of his tape recorded statements had been "compromised" and "tampered with" in the editing process.

Williams' counsel told the circuit court that he was not prepared for a jury trial. He requested a continuance of the case, informing the circuit court that "[w]e are simply not prepared to go forward today . . . ." The Commonwealth's attorney objected to a continuance, arguing that the tape recordings of Williams' conversations had been made available to defense counsel at an earlier date, and that any revisions were minor in nature. The Commonwealth's attorney also noted that 11 witnesses for the Commonwealth were present in court and ready to testify. Finally, the Commonwealth's attorney informed the circuit court that the robbery victim was scheduled to leave the country the following week for a three-month visit to his native country.

The circuit court denied Williams' request for a jury trial and his counsel's motion for a continuance. The court noted that Williams could have requested a jury trial the previous day when he made a motion for a continuance.

The Court of Appeals held that the circuit court erred when it refused Williams' request to be tried by a jury. Williams, 33 Va. App. at 515, 534 S.E.2d at 372-73. The Court acknowledged that "[when] there has been a knowing, intentional and voluntary waiver of the right to a jury trial there is no absolute constitutional right to withdraw it." Id. at 513, 534 S.E.2d at 372 (quoting Carter v. Commonwealth, 2 Va. App. 392, 398-99, 345 S.E.2d 5, 9 (1986)). However, the Court observed that "[i]n the instant case, the record does not reflect that the [circuit] court determined that [Williams] voluntarily and intelligently consented to trial without a jury." Id. The Court stated:

> In the present case, the [circuit] court never found that [Williams] voluntarily and intelligently waived his right to trial by jury. The transcript of the hearing in which [Williams] signed the waiver is not before this Court. The Commonwealth argues that because [Williams] did not include the transcript, the "waiver" argument must be rejected pursuant to Rule 5A:8(b). Because the continuance order, which referenced the "waiver," contains no finding that the jury waiver was voluntarily and intelligently entered, the transcript is not relevant. A court speaks only through its orders. . . . The order reflecting the hearing merely acknowledges that [Williams] signed the waiver and that the Commonwealth's attorney and the [circuit] court concurred.

Id. at 514, 534 S.E.2d at 372.

The Court of Appeals reasoned that Williams did not effectively waive his right to a jury trial because the record failed to show that the circuit court found that his waiver was

4

voluntarily and intelligently made.  Id. at 515, 534 S.E.2d at 372.  The Court of Appeals thus concluded that Williams had an absolute right to a jury trial on the date he ultimately was tried.  Id. at 515, 534 S.E.2d at 372-73.

On appeal, the Commonwealth first observes that the Court of Appeals based its holding on an issue that Williams did not preserve either at trial or on appeal, the question whether his jury trial waiver was voluntary.  The Commonwealth notes that Williams did not challenge the voluntary nature of his jury trial waiver until four months after his convictions and, on appeal, merely asked the Court of Appeals to consider the question whether the circuit court's failure to grant Williams a jury trial "violated his right to a jury under the Virginia and United States Constitutions."  Id. at 512, 534 S.E.2d at 372.  Therefore, the Commonwealth contends that our review of the issue whether Williams' jury trial waiver was voluntary is procedurally barred under Rule 5:25, and that the circuit court's judgment must be reviewed to determine whether the court properly exercised its discretion in denying Williams' request to withdraw his jury trial waiver.

In response, Williams argues that the issue whether his jury trial waiver was voluntary cannot be separated from the issue whether the circuit court improperly denied him a jury trial.  Williams contends that Rule 3A:13(b) requires that the

5

voluntary nature of a jury trial waiver be reflected in the court's order memorializing that waiver. Williams asserts that "[t]he record is devoid of these findings required by Rule 3A:13," and that since the order of January 21, 1998 failed to make such findings, the circuit court lacked jurisdiction to try him without a jury. We disagree with Williams' arguments.

Initially, we conclude that the issue whether Williams' jury trial waiver was voluntary is not properly before us in this appeal. In reaching this conclusion, we reject Williams' assertion that Rule 3A:13 imposes a jurisdictional requirement that the voluntary nature of a jury trial waiver be memorialized in a court order. Rule 3A:13 provides, in relevant part:

> (b) . . . If an accused who has pleaded not guilty in a circuit court consents to trial without a jury, the court may, with the concurrence of the Commonwealth's attorney, try the case without a jury. The court shall determine before trial that the accused's consent was voluntarily and intelligently given, and his consent and the concurrence of the court and the Commonwealth's attorney shall be entered of record.

See Va. Const. art. I, § 8; Code § 19.2-257.

This provision requires the circuit court to determine whether a defendant voluntarily and intelligently waives his right to a jury trial before proceeding to trial of the case. Once the circuit court has made the determination that the defendant's waiver is voluntarily and intelligently made, the court is required to enter in the record the defendant's consent

6

to be tried without a jury.  The concurrence of the Commonwealth's attorney and the circuit court in the waiver of jury trial also must be entered in the record.

By its terms, therefore, Rule 3A:13(b) does not require that the circuit court memorialize by order its determination that the defendant's jury trial waiver is voluntary and intelligent.  Instead, Rule 3A:13(b) requires that once the court has made this determination, the court shall enter in the record the defendant's agreement to be tried without a jury. See Va. Const. art. I, § 8; Code § 19.2-257.

In the present case, the record shows that on November 20, 1997, Williams signed a document stating, "I, the undersigned defendant hereby waive my right to a trial by jury, and request the court to hear all matters of law and fact in [this] case." The concurrence of the Commonwealth's attorney and the circuit court in the waiver was noted on the form by their respective signatures bearing that date.  The circuit court also entered an order on November 24, 1997, stating that Williams, the Commonwealth's attorney, and the court had executed the jury waiver form.  These entries in the record met the requirements of Rule 3A:13(b).

We disagree with Williams' assertion that a different conclusion is required by prior decisions in which we have stated that "a court speaks only through its written orders."

7

See, e.g., Berean Law Group, P.C. v. Cox, 259 Va. 622, 626, 528 S.E.2d 108, 111 (2000); Walton v. Commonwealth, 256 Va. 85, 94, 501 S.E.2d 134, 140, cert. denied, 525 U.S. 1046 (1998); Davis v. Mullins, 251 Va. 141, 148, 466 S.E.2d 90, 94 (1996). This language generally refers to instances when some conflict or ambiguity exists between the language expressed in a transcript and a court's order, when an order fails to reflect an action allegedly taken by one or more parties, or when a court's order fails to reflect compliance with a jurisdictional requirement. See, e.g., Fredericksburg Constr. Co. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 143, 530 S.E.2d 148, 152 (2000); Wagner v. Shird, 257 Va. 584, 588, 514 S.E.2d 613, 615 (1999); Robertson v. Superintendent of Wise County Corr. Unit, 248 Va. 232, 235 n.*, 445 S.E.2d 116, 117 n.* (1994); Walton, 256 Va. at 94, 501 S.E.2d at 140; Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964).

We also have used this language to emphasize the finality of court orders, which cannot be modified by later conduct of the parties that fails to result in a subsequent order suspending or vacating an initial order. See, e.g., Berean, 259 Va. at 626, 528 S.E.2d at 111; Davis, 251 Va. at 148-49, 466 S.E.2d at 94. Thus, we conclude that the language cited by Williams has no application here because the circuit court was not required to enter an order stating a finding that Williams'

8

jury trial waiver was voluntary and intelligent, and there is no conflict or ambiguity in the record before us. Moreover, the court's order of November 24, 1997 complied with the requirement of Rule 3A:13(b) that the consent of the defendant, the Commonwealth's attorney, and the circuit court to a waiver of jury trial be entered of record. See Va. Const. art. I, § 8; Code § 19.2-257.

If a defendant wishes to challenge the voluntary and intelligent nature of his jury trial waiver, he must state a timely objection on that basis in the circuit court. Because Williams did not question the voluntary nature of that waiver until four months after he was tried and convicted of the present offenses, we conclude that he has not preserved that issue for appeal. Rule 5:25; see Schmitt v. Commonwealth, 262 Va. 127, 137, 547 S.E.2d 186, 194 (2001); Burlile v. Commonwealth, 261 Va. 501, 508, 544 S.E.2d 360, 363 (2001); Lenz v. Commonwealth, 261 Va. 451, 467, 544 S.E.2d 299, 308 (2001); Lovitt v. Commonwealth, 260 Va. 497, 512 n.2, 537 S.E.2d 866, 876 n.2 (2000).

We are unable to consider Williams' request that we nevertheless examine the issue under the exception permitted by Rule 5:25 "to enable this Court to attain the ends of justice." Among other deficiencies in the present record, Williams failed to include on appeal to the Court of Appeals a transcript of the

9

November 20, 1997 proceeding in which the circuit court accepted his jury trial waiver.  Without that transcript, we are unable to determine whether the circuit court conducted an adequate inquiry before accepting the waiver.  As we explained in Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961), the circuit court's judgment is presumptively correct and the burden is on the appellant to present a sufficient record to permit a determination whether the circuit court committed an alleged error.  See also McDonald v. Nat'l Enters., Inc., 262 Va. 184, 195, 547 S.E.2d 204, 211 (2001); White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995); Oliver v. Commonwealth, 35 Va. App. 286, 296-97, 544 S.E.2d 870, 875-76 (2001).

We next consider the central issue presented by the Commonwealth in this appeal, namely, whether the Court of Appeals erred in holding that the circuit court's failure to grant the defendant a jury trial was a denial of his constitutional right to trial by jury.  Citing Thomas v. Commonwealth, 218 Va. 553, 238 S.E.2d 834 (1977), the Commonwealth argues that once a defendant has waived his right to a trial by jury, he does not have a constitutional right to withdraw that waiver.  The Commonwealth asserts that in the present case, the circuit court did not abuse its discretion in denying Williams' request to withdraw his waiver because the request was untimely.

In response, Williams asserts that his request for a jury trial was timely made because the circuit court did not find that the trial would have to be rescheduled to another day if the court granted Williams' request. Williams contends that the circuit court abused its discretion in denying his request because the court stated only that Williams' request for a jury trial could delay the case for "several hours." We disagree with Williams' arguments.

The right of a defendant to a jury trial in a criminal case is secured by Article 1, § 8 of the Constitution of Virginia. Thomas, 218 Va. at 554, 238 S.E.2d at 835. However, once a defendant makes a voluntary and intelligent waiver of this right, his request to withdraw that waiver and be tried by a jury is subject to the circuit court's discretion. Id. at 555, 238 S.E.2d at 835.

In Thomas, we stated the general rule regarding the withdrawal of a waiver of jury trial:

> Whether one accused of crime who has regularly waived a jury trial will be permitted to withdraw the waiver and have his case tried before a jury is ordinarily within the discretion of the [circuit] court. The rule, as expressed in some cases, is that if an accused's application for withdrawal of waiver is made in due season so as not to substantially delay or impede the cause of justice, the trial court should allow the waiver to be withdrawn.
>
> The authorities are uniformly to the effect that a motion for withdrawal of waiver made after the commencement of the trial is not timely and should not

11

be allowed. Whether a motion for the withdrawal of a waiver of trial by jury made prior to the actual commencement of the trial of the case is timely depends primarily upon the facts and circumstances of the individual case. Where there is no showing that granting the motion would unduly delay the trial or would otherwise impede justice, the motion is usually held to be timely. In some cases, however, it has been held that a motion for withdrawal of a waiver of jury trial, although made prior to the trial, was not timely and was properly denied by the trial court, the decisions in these cases being based primarily upon the ground that granting the motion would have resulted in an unreasonable delay of the trial.

Id. (citations omitted).

In Thomas, we held that the circuit court abused its discretion when it denied the defendant's request to withdraw his previous jury trial waiver. Id. at 556, 238 S.E.2d at 836. We based our conclusion primarily on the fact that the defendant made his request to withdraw the waiver 11 days before trial, and that there was no showing that granting the defendant's request would unduly delay the trial or impede the cause of justice. Id. at 556, 238 S.E.2d at 835-36.

Here, Williams' request for a jury trial was, in effect, a request to withdraw his previous jury trial waiver. The facts before us are distinctly different from those in Thomas and support the circuit court's determination to deny Williams' request. The case originally had been set for trial ten months earlier, and already had been substantially delayed during the several months that Williams remained a fugitive. Further,

12

Williams waited until the morning of trial to state his request for a jury trial, although he could have made this request at any time during the two-month period after the court granted his November 1997 continuance motion.

Williams made his request shortly after the trial was to begin on Wednesday, January 21, 1998. The circuit court informed the parties that if the case were to be tried by a jury, "it may take several hours to begin the case." Thereafter, Williams restated his request for a jury trial, and the Commonwealth's attorney opposed the request, informing the court that she intended to call 11 witnesses to testify in the case. She further stated that Khan, the robbery victim, was leaving the United States the following Monday to return to his native country for three months.

Under these facts, the circuit court was presented with the prospect that selection of a jury could not begin until late that day, Wednesday afternoon. Given the number of witnesses that the prosecution intended to call in the case, the court had no assurance that the trial could have been concluded before Monday, when Khan intended to leave the country for a three-month period. Moreover, even if the Commonwealth's attorney presented Khan's testimony early in the case, there remained the possibility that Khan would be required as a rebuttal witness near the end of the trial.

13

Based on these facts and circumstances, the record shows that if Williams had been allowed to withdraw his jury trial waiver and be tried by a jury, completion of the trial could have been substantially delayed and the cause of justice impeded. Therefore, we conclude that the circuit court did not abuse its discretion in denying Williams' request to be tried by a jury.

For these reasons, we will reverse the Court of Appeals' judgment and reinstate Williams' convictions in accordance with the circuit court's judgment order.

<u>Reversed and final judgment.</u>