COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Frank


ROBERT LEE BROWN

                                        MEMORANDUM OPINION* BY
v.    Record No. 1509-01-3        JUDGE RUDOLPH BUMGARDNER, III
                                            SEPTEMBER 24, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
               Richard S. Miller, Judge Designate

          (James J. Angel, on brief), for appellant.
          Appellant submitting on brief.

          (Jerry W. Kilgore, Attorney General; Susan M.
          Harris, Assistant Attorney General, on
          brief), for appellee.  Appellee submitting on
          brief.


     The defendant appeals his conviction after a bench trial of

two counts of forcible sodomy, Code § 18.2-67.1.  He contends

the trial court refused to try him by jury.  Finding he waived

his right to a jury, we affirm.

     A grand jury indicted the defendant on February 7, 2000.

At his arraignment July 18, 2000, he refused to speak when asked

whether he wanted a jury trial.  The trial court explained

repeatedly that the defendant did not waive his right to a jury

trial by remaining silent.  When the defendant continued to

refuse to speak, it set the case for trial by jury.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The trial did not take place as scheduled partly because the defendant would not cooperate with any of the three separate attorneys appointed to represent him. The trial court held a hearing the Friday before the trial, January 5, 2001, to ascertain that the defendant still desired a jury. The record does not contain a transcript of that hearing, but the transcript of the trial on January 8 reflects that the trial court had found the defendant waived his right to a jury at the Friday hearing.

As the trial court began to swear the witnesses for a bench trial, the judge noted for the record, "The defendant has knowingly and voluntarily and intelligently waived his right to a jury trial." Defense counsel interrupted to advise the court, "[N]ow he tells me he wants a jury trial." The trial judge responded, "Well, the Court has found that he has knowingly, intelligently and voluntarily waived it." Defense counsel agreed, and the defendant nodded his head affirmatively when asked, "Mr. Brown, is that right?" The defendant stated that he decided he wanted a jury that day. The trial court found the request for a jury at that time was made to delay and impede the proceedings, and it denied the defendant's request.

The defendant maintains the trial court erroneously found that he had waived his right to a jury trial. From the record before us, it is apparent that the trial court made that ruling at a hearing held precisely to decide that point. Without a

-

transcript of the January 5 hearing, we are not able to review the finding of which the defendant complains. "[T]he circuit court's judgment is presumptively correct and the burden is on the appellant to present a sufficient record to permit a determination whether the circuit court committed an alleged error." Commonwealth v. Williams, 262 Va. 661, 669, 553 S.E.2d 760, 764 (2001) (citations omitted). Accordingly, we affirm.

Affirmed.