COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Felton and McClanahan
Argued at Alexandria, Virginia


DONALD STEWARD

                                          MEMORANDUM OPINION* BY
v.        Record No. 0052-03-4            JUDGE ROSEMARIE ANNUNZIATA
                                          DECEMBER 30, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                     Benjamin N. A. Kendrick, Judge

        Denman A. Rucker (Rucker & Rucker, on brief), for appellant.

        Robert H. Anderson, III, Senior Assistant Attorney General (Jerry W.
        Kilgore, Attorney General, on brief), for appellee.


        Donald Steward was convicted of felonious concealment in violation of Code § 18.2-103

and sentenced to a term in prison of five years.  He contends on appeal that the trial court erred

in finding that he had validly waived his right to a jury trial.  Because we find that Steward's

claim is procedurally defaulted under Rule 5A:18, we  affirm.

                                    I.  Background

        On appeal, we review the evidence, and all reasonable inferences that may be drawn, in

the light most favorable to the party prevailing below, in this case the Commonwealth.

Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  So viewed,

the record shows that, at the outset of the trial on May 29, 2002, and out of the presence of

Steward, the trial judge stated to defense counsel that he believed "the Commonwealth on second

thought may be willing to waive the jury" and inquired, "Is your client willing to waive?"

―――――――――――――――
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Defense counsel replied that he was "sure he is." Steward then entered the courtroom, and the

following colloquy ensued:

THE COURT: Mr. Steward, it's my understanding that your desire this morning is to waive the jury and be tried by the Court, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Have you discussed that waiver with Mr. Gookin?

THE DEFENDANT: My lawyer?

THE COURT: Yes.

THE DEFENDANT: Your Honor, this man never came to see me. He didn't even ask me what happened. You know this is my first time seeing him since the Court appointed him to me last month. I wasn't going to trial with him.

THE COURT: My question is whether you want a jury –

THE DEFENDANT: I want a jury trial.

THE COURT: There's a big difference between a jury and non-jury. I want to make sure that you understand the difference. If you go to trial in front of a jury, they hear all of the evidence and decide the facts, and if they find that, based on the evidence, you're guilty, then they will also hear evidence and decide what the punishment is. On the other hand, if you go to trial in front of the Court, the Court decides the evidence, the facts, and the law all in one. And the jury doesn't get involved in it. Do you understand the difference?

THE DEFENDANT: Yes.

THE COURT: And it is your desire to be tried by the Court and not by the jury?

THE DEFENDANT: Yes.

| | |
|---|---|
| THE COURT: | Let the record reflect that the waiver is made freely and voluntarily with an understanding of its nature and its consequences.  Is the Commonwealth willing to waive? |
| MS. RUEDA: | Yes, sir. |
| THE COURT: | All right, the Court will concur.  Would you arraign the defendant? |
| MR. GOOKIN: | Your Honor, could we have a few minutes to discuss this in light of the fact that the Commonwealth is now willing to waive, and they weren't before? |
| THE COURT: | No.  Arraign the defendant. |

After a bench trial on the merits, Steward was convicted as charged and sentenced to five years in prison.  Steward appeals his conviction on the ground that he did not voluntarily and intelligently waive his right to a jury trial.  Because Steward failed to object to the trial court's ruling, we find that his appeal is barred by Rule 5A:18.

## II.  Analysis

In order to preserve a claim on appeal that the trial court erred in determining that a defendant voluntarily and intelligently waived his right to a jury trial, a proper objection must be lodged in the trial court.  Rule 5A:18; Commonwealth v. Williams, 262 Va. 661, 669, 553 S.E.2d 760, 763 (2001).  Our review of the record, viewing the evidence in the light most favorable to the Commonwealth, the party prevailing below, fails to disclose that Steward preserved the claimed error.  Grimstead, 12 Va. App. at 1067, 407 S.E.2d at 48.

At no time during the colloquy regarding Steward's election to be tried by jury or by the court did Steward object to the court's finding that he voluntarily and intelligently waived his constitutional right to be tried by a jury.  In that colloquy, the trial judge made clear that he found that Steward waived his right to a jury trial and that the waiver was "freely and voluntarily" given with "an understanding of [the nature of the wavier] and [its] consequences."  Steward's

- 3 -

statement that he wished to be tried by the court and not by the jury, which followed his request for a jury trial, cannot be viewed as a statement objecting to the court's finding that his jury trial waiver was voluntary and intelligent.

His second contention on the procedural point is likewise without merit. At the end of the colloquy, after the court found Steward waived his right to a jury trial, defense counsel requested to "discuss this in light of the fact that the Commonwealth is now willing to waive and they weren't before." Steward claims this request constituted a proper objection. We disagree. Defense counsel's request stated no grounds from which the trial judge could conclude that it had erroneously found a voluntary and intelligent waiver. Furthermore, at no subsequent point during the trial proceedings did the defendant's attorney object to, or otherwise challenge, the trial judge's ruling that Steward had voluntarily and understandingly waived his right to a trial by jury. In short, the trial court had no opportunity to consider and rule on the substantive objection Steward presents to this Court. See Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (noting that "[t]he purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention"). Accordingly, Rule 5A:18 bars our consideration of Steward's argument on appeal.

The defendant's remaining arguments – which include his claim that the trial court did not advise him that all twelve jury members must unanimously find him guilty before he could be convicted and that the trial judge's denial of defense counsel's request to discuss the waiver with Steward invalidated the defendant's waiver and deprived him of his statutory right to the assistance of counsel in determining whether to waive his right to a jury – are likewise procedurally defaulted under Rule 5A:18 because he failed to raise the contentions in the trial court.

Finally, we decline to apply the "ends of justice" exception to the procedural bar to this appeal.[1] Steward's sole argument supporting application of the exception is that the trial court conducted an inadequate inquiry before accepting his waiver. Williams, which Steward cites in support of the argument, is inapposite. The Williams Court *declined* to apply the ends of justice exception because the appellant-defendant failed to present the court with an adequate record. 262 Va. at 669, 553 S.E.2d at 764. Additionally, Steward fails to develop his argument, based on the Williams case or any other case or rule, that the ends of justice exception should apply here. See Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (declining to address a question not fully developed on brief). Accordingly, we find no reason to apply the ends of justice exception to this case.

Affirmed.

---

[1] In addressing the ends of justice exception, Steward mistakenly cites to Rule 5:25, the Rule governing procedural default in the Virginia Supreme Court. We address the question under this Court's Rule 5A:18.