COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Clements and McClanahan
Argued at Richmond, Virginia


RONNIE ADOLPHUS NOEL

v.        Record No. 3248-02-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JEAN HARRISON CLEMENTS
JUNE 8, 2004


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

Matthew P. Geary (William S. Francis, Jr., on brief), for appellant.

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore, Attorney General, on brief), for appellee.


Ronnie Adolphus Noel was convicted in a bench trial of four counts of credit card theft, in violation of Code § 18.2-192, two counts of credit card fraud, in violation of Code § 18.2-195, and two counts of grand larceny, in violation of Code § 18.2-95.  On appeal, Noel contends the trial court erred in ruling that he knowingly, intelligently, and voluntarily waived his right to a jury. Finding appellate review procedurally barred, we affirm the convictions.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. PROCEDURAL BACKGROUND

The relevant facts in this appeal are not in dispute. Noel was arrested on March 19, 2002, and charged with three counts of credit card theft, one count of credit card fraud, and two counts of grand larceny. On March 20, 2002, the General District Court of Henrico County appointed an attorney to represent Noel on these charges. Following a preliminary hearing on May 29, 2002, the Commonwealth, Noel, and Noel's attorney executed a written "Agreement Setting Case(s) for Trial" in the Circuit Court of Henrico County (trial court) on August 15, 2002, at 9:30 a.m., without a jury. On July 8, 2002, the grand jury indicted Noel on these charges, and an additional charge each of credit card theft and credit card fraud. On that day, the Commonwealth and Noel appeared before the trial court on the two new charges. Noel's attorney, appointed that day, was not present. The trial court continued the new charges to August 15, 2002, at 9:30 a.m. for trial without a jury, to be tried together with Noel's other charges. The trial court entered an order on July 10, 2002, memorializing these actions.

On August 15, 2002, the Commonwealth, Noel, and Noel's attorney appeared before the trial court for trial. The clerk inquired whether the defense was ready for trial. Noel's attorney responded:

> If Your Honor please, I'm ready to try the case. I don't believe my client is ready to go forward. Judge, to the extent that I may or may not know of what he expects to do, I'm not prepared in that regard.

The trial judge stated, "Well, I guess we'll find out in a minute." Noel was arraigned and pled not guilty on all charges.

Following arraignment, the trial judge instructed the clerk to ask if Noel was "to be tried by the court or by a jury." The following colloquy then occurred:

> THE CLERK: Sir, on your pleas of not guilty to all the indictments just read to you, do you wish to be tried by this court or by a jury?

THE DEFENDANT:  I don't know yet.

THE CLERK:  Thank you.

THE COURT:  I'm sorry, what was your answer?

THE DEFENDANT:  I said I don't know.

THE COURT:  How long will it take you to get to know?

A discussion then ensued between the trial judge and Noel in which Noel expressed dissatisfaction with his attorney and questioned whether he was being adequately represented.  The trial judge told Noel that the attorney appointed to represent him was an experienced trial attorney who "handles a lot of serious cases and . . . does a very competent job."  Noel stated that he did not "want to waste the court's time or these people's time" if he was guilty and that, if he had had an attorney with whom he could communicate, "[t]his could have been taken care of."  The exchange continued as follows:

> THE COURT:  All right, call your first witness, sir.  We'll try the case without a jury.
>
> THE DEFENDANT:  All right.
>
> THE COURT:  Based on those statements.
>
> [DEFENDANT'S ATTORNEY]:  Pardon, Your Honor?
>
> THE COURT:  Based on his statements, we'll try the case without a jury.
>
> [DEFENDANT'S ATTORNEY]:  All right, Judge.  If Your Honor please, I would have a motion for exclusion.

The case then proceeded to trial, and Noel was convicted on all counts.

## II. ANALYSIS

On appeal, Noel contends the trial court erred in ruling that he knowingly, intelligently, and voluntarily waived his right to a jury trial, a finding not entered of record.[1]  During oral argument, Noel's counsel conceded that Noel never affirmatively asked for a jury trial and never objected to the trial court's determination to try the case without a jury based on Noel's statements or to trying the case without a finding on the record that he knowingly, intelligently, and voluntarily waived his right to a jury trial.  The Commonwealth contends that Noel's claim is procedurally barred by Rule 5A:18 because he did not raise it in the trial court.  We agree with the Commonwealth.

Rule 3A:13(b) provides, in relevant part, that an accused who pleads not guilty in a circuit court may consent to a trial without a jury.  When such consent is given, the trial court must determine that the consent was given voluntarily and intelligently and enter its finding of record before trial.  However, "[i]f a defendant wishes to challenge the voluntary and intelligent nature of his jury trial waiver, he must state a timely objection on that basis in the circuit court."  Williams v. Commonwealth, 262 Va. 661, 669, 552 S.E.2d 760, 763 (2001).

Here, Noel was arrested and initially charged with three counts of credit card theft, one count of credit card fraud, and two counts of grand larceny.  Following a preliminary hearing, Noel and his attorney signed an agreement setting the cases for trial in the circuit court, without a jury, on August 15, 2002.  On July 8, 2002, Noel was present in the circuit court when the new charges of credit card theft and credit card fraud were set for trial without a jury on the same date as his original charges.  The Commonwealth and Noel's attorney appeared on August 15, 2002, ready for trial without a jury.  Prior to trial, Noel entered pleas of not guilty on all charges and was advised of

---

[1] Noel further argues in his appellate brief that he never stated he was, in fact, waiving his right to a jury trial.  Thus, he contends he did not expressly consent to a trial without a jury. Because the issue whether Noel voluntarily and intelligently waived his right to a jury trial is the only "Question Presented" and the only one for which an appeal was granted, we do not address this argument.

- 4 -

his right to a jury trial. When asked whether he wished to be tried by the court or by a jury, Noel responded, "I don't know yet." A lengthy dialogue occurred between the trial judge and Noel during which Noel's focus was on his dissatisfaction with his attorney. At no time did Noel state that he wanted to be tried by a jury. At the conclusion of the dialogue, the trial judge determined, "based on [Noel's] statements," to try the cases without a jury. In response to this determination by the trial court, both Noel and his attorney stated, "All right."

Noel concedes that he did not apprise the trial court of his argument, made for the first time on appeal, that his agreement to be tried by the court was not a knowing, intelligent, and voluntary waiver of his right to a jury trial. Thus, having failed to state a timely objection in the circuit court, Noel has not preserved this issue for appeal. Id.; see also Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1988) (holding that we will not address an issue raised for the first time on appeal). Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, we affirm Noel's convictions.

Affirmed.