COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Chafin, Malveaux and Senior Judge Frank
Argued at Norfolk, Virginia


JONATHAN MARK KARIKA

MEMORANDUM OPINION[*] BY

v.        Record No. 1512-15-1                JUDGE ROBERT P. FRANK
                                             NOVEMBER 1, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Timothy S. Wright, Judge

Erik A. Mussoni, Assistant Public Defender, for appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Appellant appeals his conviction for assault and battery.  He argues that the trial court erred

by (1) sustaining the Commonwealth's objection to the admissibility of the 911 call and (2) hearing

the matter when it lacked subject matter jurisdiction.  For the reasons stated below, we affirm the

judgment of the trial court.

BACKGROUND[1]

On March 30, 2015, a disagreement arose between Steven Smith and appellant.  Appellant

thought Smith drove too close to him when appellant was pushing his young child in a stroller.

Appellant approached Smith's vehicle and knocked on the window.  When Smith rolled down the

window, appellant told Smith he almost ran over his child.  Smith denied driving close to the stroller

and testified appellant then leaned in his car and spit in Smith's face.  Appellant denied doing so.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The facts are set forth in the written statement of facts pursuant to Rule 5A:8.

Smith dialed 911 to report the incident, explaining he was fearful for his safety. Smith said that, initially, appellant was "enraged," but calmed down when the call was placed. During the call, Smith handed the phone to appellant, so he could speak with the 911 operator.

Appellant attempted to introduce the 911 recording, but the Commonwealth objected on hearsay grounds. Appellant responded that the call was not being introduced for the truth of the matter asserted, but to show Smith's tone of voice and that the exchange between appellant and Smith was calm and civil. According to appellant, Smith's tone over the phone was inconsistent with one who had been assaulted and was in fear for his life. Without any explanation, the trial court sustained the objection.

Appellant was convicted of assault and battery. This appeal follows.

ANALYSIS

*Subject matter jurisdiction*

Appellant contends the trial court had no subject matter jurisdiction because it failed to enter into the record that appellant waived a trial by jury with the consent of the Commonwealth and the court. Appellant does not contest he waived his right to a jury and asked for a bench trial, nor does he argue his waiver was not voluntarily and intelligently given.

Article I, Section 8 of the Virginia Constitution provides:

> In criminal cases, the accused may plead guilty. If the accused plead not guilty, he may, with his consent and the concurrence of the Commonwealth's Attorney and of the court entered of record, be tried by a smaller number of jurors, or waive a jury. In case of such waiver or plea of guilty, the court shall try the case.

This constitutional mandate is reinforced by Code § 19.2-258 and Rule 3A:13(b). Code § 19.2-258 states, in part:

> If the accused plead not guilty, in person or by his counsel, the court, in its discretion, with the concurrence of the accused and the attorney for the Commonwealth, may hear and determine the case without the intervention of a jury. In each instance the court shall

have and exercise all the powers and duties vested in juries by any statute relating to crimes and punishments.

Rule 3A:13(b) states:

If an accused who has pleaded not guilty in a circuit court consents to trial without a jury, the court may, with the concurrence of the Commonwealth's attorney, try the case without a jury. The court shall determine before trial that the accused's consent was voluntarily and intelligently given, and his consent and the concurrence of the court and the Commonwealth's attorney shall be entered of record.

"Once the circuit court has made the determination that the defendant's waiver is voluntarily and intelligently made, the court is required to enter in the record the defendant's consent to be tried without a jury." Commonwealth v. Williams, 262 Va. 661, 667, 553 S.E.2d 760, 763 (2001). "The concurrence of the Commonwealth's attorney and the circuit court in the waiver of jury trial also must be entered in the record." Id.

Appellant correctly states that neither the conviction order nor the sentencing order complies with these mandates. However, that is not the end of our inquiry.

Central to appellant's subject matter jurisdiction contention is that the provisions of Article I, Section 8 of the Virginia Constitution, Code § 19.2-258, and Rule 3A:13(b) were not met. We disagree. Appellant appeared in court on July 24, 2015 and was advised of his right to a jury and requested a bench trial. His case was continued to September 14, 2015. This proceeding was memorialized by a continuance order entered July 24, 2015, signed by the trial judge, and endorsed by the attorney for the appellant, the appellant, and the attorney for the Commonwealth which stated in part:

"Upon motion of the (Commonwealth's Attorney), (defendant), (attorney for the defendant), (the Court), this matter will be heard by (the Court) (a jury)."

From this order, we can discern that the appellant, the attorney for the Commonwealth, and the court waived a jury trial, thus complying with Article I, Section 8 of the Virginia

- 3 -

Constitution, Code § 19.2-258, and Rule 3A:13(b). Appellant does not contend this continuance order was not entered of record. All continuance orders are entered of record. See Code § 17.1-123. The "record" referred to "is the order book in which, by [statute], are required to be kept the proceedings, orders and judgment of courts of record." Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964).

The waiver does not need to appear in conviction or sentencing orders as argued by appellant. In Commonwealth v. Williams, 262 Va. 661, 553 S.E.2d 760 (2001), a continuance order reflecting that the defendant, the attorney for the Commonwealth, and the court signed the jury waiver form was sufficient to meet the requirements of Rule 3A:13(b).

The continuance order of July 24, 2015 did not use the word "waive," but it is clear that was in fact the case.

> Waiver is the voluntary and intentional abandonment of a known legal right, advantage, or privilege. Weidman v. Babcock, 241 Va. 40, 45, 400 S.E.2d 164, 167 (1991); Fox v. Deese, 234 Va. 412, 425, 362 S.E.2d 699, 707 (1987). The essential elements of waiver are knowledge of the facts basic to the exercise of the right and intent to relinquish that right. Weidman, 241 Va. at 45, 400 S.E.2d at 167; Fox, 234 Va. at 425, 362 S.E.2d at 707.

Chawla v. BurgerBusters, Inc., 255 Va. 616, 622-23, 499 S.E.2d 829, 833 (1998).

Appellant does not contend he wanted a jury trial, nor does he assert he did not waive a jury. He does not claim his decision to be tried by the court was involuntary or unintentional or that he did not intend to relinquish his right to a jury. The statement of facts indicates that on July 24, 2015, appellant was advised of his right to a jury and requested a bench trial.

We see nothing in the case law, nor in the constitutional, statutory, or Rule mandates, that the word "waiver" must be intoned, as long as the elements of "waiver" are met.

We therefore conclude that while the July 24, 2015 order did not expressly state waiver, it is a waiver that occurred with the concurrence of the Commonwealth Attorney and the court.

- 4 -

If the court did not concur, it would not have entered an order continuing the case for a bench trial. By endorsing the order "seen and agreed," the Commonwealth Attorney concurred in a bench trial.

We conclude that the mandates of Article I, Section 8 of the Virginia Constitution, Code § 19.2-258, and Rule 3A:13(b) have been complied with; therefore, the trial court had subject matter jurisdiction.

*Admissibility of the 911 recording*

Appellant maintains the trial court erred in sustaining the Commonwealth's objection to the admissibility of the 911 recording and finding the recording was hearsay. Appellant, at trial, contended the recording was not offered for the truth of the statements, but only to show the victim's tone and demeanor, i.e. that his voice was calm and civil, inconsistent with one who had been assaulted and in fear of his safety.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

Rule 2:801 of the Virginia Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

"Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. A statement offered for any other purpose is not hearsay and is, therefore, governed by the other rules of admissibility." Garcia v. Commonwealth, 21 Va. App. 445, 450, 464 S.E.2d 563, 565 (1995) (*en banc*) (citations omitted); see also Church v. Commonwealth, 230 Va. 208, 212, 335 S.E.2d 823, 825 (1985) ("Unless [a statement] is offered to show its truth, an out-of-court statement is not subject to the rule against hearsay and is admissible if relevant.").

> Whether an extrajudicial statement is hearsay depends upon the purpose for which it is offered and received into evidence. If the statement is received to prove the truth [or falsity] of its content, then it is hearsay and, in order to be admissible, must come within one of the many established exceptions to the general prohibition against admitting hearsay.

Brown v. Commonwealth, 25 Va. App. 171, 177, 487 S.E.2d 248, 251 (1997) (*en banc*) (alteration in original) (quoting Hanson v. Commonwealth, 14 Va. App. 173, 187, 416 S.E.2d 14, 22 (1992)).

We first determine the proposition for which the statement is made, and we then compare it to the actual content of the statement itself. If the statement and the purpose for which it is offered are the same, the statement is hearsay. However, if the purpose and statement differ, it is not offered for the truth of the statement.

The case of Brown v. Commonwealth is illustrative. There, the issue was whether defendant's question to a police officer, if the victim knew he was there, was hearsay. Id. at 175, 487 S.E.2d at 250. We held it was hearsay. Id. The question implied the defendant knew the victim personally. Id. at 179, 487 S.E.2d at 252. "In order for the jury to infer from the statement that the defendant knew the victim, the jury had to determine the truth or falsity of the implied assertion." Id. at 180, 487 S.E.2d at 252. "The statement's probative value depended entirely upon the truth of an inferred fact that the statement implied and as such it was hearsay." Id. The proposition for which the statement was made, i.e. that Brown knew the victim, and the statement itself were the same, thus being offered for the truth of the statement.

Another type of hearsay was discussed in Brown. The accused sought to have a defense witness testify that he had overheard a conversation between the accused and the victim involving trading sex and drugs. Id. We held that statement was not offered for the truth of the conversation. Id. at 181, 487 S.E.2d at 253. That testimony was offered to prove only that the statements were made, not that they were truthful. Id. The content was not relevant. Id. The

statement showed that a prior relationship existed between the accused and the victim. Id. Here again, the proposition for which the statement was made, i.e. to show the relationship between the accused and the victim, was different than the statement itself, i.e. that the accused and the victim traded sex and cocaine. Id.

Likewise, in the instant case, the proposition for which the statement was offered, i.e. Smith's tone and demeanor in that he was "calm and civil," was different from the content of the statement. The statement was offered to hear *how* Smith spoke, not what Smith and appellant said. Clearly, the 911 recording was not offered for the truth of the statements made, so the trial court erred in sustaining the Commonwealth's objection.

Finding error, we must determine whether the error was harmless. "A defendant is entitled to a fair trial but not a perfect one." Id. at 182, 487 S.E.2d at 253 (quoting Lutwak v. United States, 344 U.S. 604, 619 (1953)). "An erroneous evidentiary ruling does not require reversal of a criminal conviction where the error is harmless." Id. (quoting Weller v. Commonwealth, 16 Va. App. 886, 896, 434 S.E.2d 330, 337 (1993)).

When deciding whether non-constitutional error is harmless in the context of a criminal proceeding, we must apply Code § 8.01-678, which states in pertinent part:

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any error committed on the trial.

In Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001), the Supreme Court of Virginia stated that "[i]n a criminal case, it is implicit that, in order to determine whether there has been a 'fair trial on the merits' and whether 'substantial justice has been reached,' a reviewing court must decide whether the alleged error substantially influenced the jury. If it did not, the error is harmless."

Virginia adopted the test for non-constitutional harmless error that was applied by the United States Supreme Court in Kotteakos v. United States, 328 U.S. 750 (1946):

> If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. . . . If so, or if one is left in grave doubt, the conviction cannot stand.

Clay, 262 Va. at 260, 546 S.E.2d at 731-32 (quoting Kotteakos, 328 U.S. at 764-65); see also Rose v. Commonwealth, 270 Va. 3, 11-13, 613 S.E.2d 454, 458-59 (2005).

Our inquiry, thus, is whether the failure to allow the 911 recording, for the limited purpose of showing Smith's tone of voice and demeanor, influenced the verdict. Appellant offered the 911 recording to prove the interaction between Smith and him was "calm and civil," inconsistent behavior for someone who had been assaulted and in fear for his safety. The evidence was that after Smith called 911 and reported the incident, he handed the phone to appellant through the window, so appellant could speak to the operator as well. No evidence indicated Smith was other than calm and civil. In fact, appellant argued in closing that Smith's testimony was inconsistent with someone who was afraid for his safety.

We conclude any error was harmless and merely cumulative of the testimony introduced at trial. See Pace v. Richmond, 231 Va. 216, 227, 343 S.E.2d 59, 65 (1986). As stated above, the fact finder, even without the 911 recording in evidence, could properly conclude Smith was calm and civil during the 911 call. The court's ruling in no way influenced the verdict.

CONCLUSION

Accordingly, we affirm the judgment of the circuit court.

Affirmed.