COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Senior Judges Annunziata, Frank and Petty


JEROME LYONS, JR.

v.       Record No. 0965-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
MAY 31, 2022


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Louis R. Lerner, Judge Designate

(Anthony Balady, Senior Assistant Public Defender, on brief), for
appellant.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Stephen J. Sovinsky, Assistant
Attorney General, on brief), for appellee.


Counsel for appellant filed a brief on his behalf accompanied by a motion for leave to

withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967).  A copy of that

brief has been furnished to appellant with sufficient time for him to raise any matter that he

chooses.  Appellant has not filed any supplemental pleadings.  After examining the briefs and

record in this case, we affirm the trial court's judgment.

The trial court convicted appellant on guilty pleas of driving while intoxicated and

refusing a breath or blood test.[1]  On appeal, appellant argues that the trial court erred by

accepting his guilty pleas.  We have reviewed the parties' pleadings, fully examined the

proceedings, and determined the case to be wholly without merit as set forth below.  Thus, the panel

unanimously holds that oral argument is unnecessary.  *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In exchange for his guilty pleas, the Commonwealth moved to *nolle prosequi* a charge of
driving as a habitual offender.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

Before accepting appellant's guilty pleas, the trial court conducted a colloquy and found that appellant had entered them "knowingly, intelligently, and voluntarily."[2] After the colloquy, the Commonwealth proffered that on January 17, 2021, Hampton Police Officer Ringling stopped a car for failure to use a turn signal. Appellant was driving the car, and Ringling smelled a "strong odor of alcohol emanating from" him. Ringling administered "several sobriety tests"; appellant "failed all but one of them." Ringling arrested appellant for driving while intoxicated and informed him of the implied consent law, but appellant "refused to take the . . . breath test." The Commonwealth and appellant jointly recommended that the trial court sentence appellant to a total of twelve months in jail with eleven months and ten days suspended. The trial court imposed the recommended sentence.

ANALYSIS

Appellant argues that the court erred by accepting his guilty pleas because they were "not entered . . . voluntarily or with an understanding of the[ir] nature and consequences." Appellant acknowledges that he did not move to withdraw his pleas or otherwise preserve his argument before

---

[2] The record on appeal contains only a written statement of facts in lieu of transcript. *See* Rule 5A:8(c). The statement does not record the substance of the colloquy but merely notes the trial court's finding after the colloquy.

the trial court but asks that we address his claim under the "good cause" and "ends of justice" exceptions to Rule 5A:18.[3]

"'Good cause' relates to the reason why an objection was not stated at the time of the ruling." *Pope v. Commonwealth*, 60 Va. App. 486, 508 (2012) (quoting *Campbell v. Commonwealth*, 14 Va. App. 988, 996 (1992) (*en banc*)). "The Court may only invoke the 'good cause' exception where an appellant did not have the *opportunity* to object to a ruling in the trial court; however, when an appellant 'had the opportunity to object but elected not to do so,' the exception does not apply." *Perry v. Commonwealth*, 58 Va. App. 655, 667 (2011) (emphasis added) (quoting *Luck v. Commonwealth*, 32 Va. App. 827, 834 (2000)). Here, the trial court accepted appellant's guilty pleas and entered its sentencing orders on August 11, 2021. Appellant could have objected to the trial court accepting his guilty pleas during the plea hearing; or he could have moved to withdraw his pleas for up to twenty-one days after the trial court entered its sentencing orders. Code § 19.2-296. Accordingly, the good cause exception is not applicable because there was ample opportunity for appellant to alert the trial court of the relief he sought.

"The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" *Melick v. Commonwealth*, 69 Va. App. 122, 146 (2018) (quoting *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Holt*

---

[3] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18.

*v. Commonwealth*, 66 Va. App. 199, 210 (2016) (*en banc*) (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." *Melick*, 69 Va. App. at 146 (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)). Furthermore, to demonstrate that a miscarriage of justice has occurred, "[i]t is never enough for the defendant to merely assert a winning argument on the merits—for if that were enough[,] procedural default 'would never apply, except when it does not matter.'" *Winslow v. Commonwealth*, 62 Va. App. 539, 546 (2013) (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 710 (2010)).

Appellant has not affirmatively shown that a miscarriage of justice has occurred. The written statement of facts in lieu of transcript contains no details of appellant's representations during the plea colloquy. Instead, it provides that, after the colloquy, the trial court found that appellant had entered his pleas "knowingly, intelligently, and voluntarily." "[T]he circuit court's judgment is presumptively correct and the burden is on the appellant to present a sufficient record to permit a determination whether the circuit court committed an alleged error." *Commonwealth v. Williams*, 262 Va. 661, 669 (2001). As nothing in the record undermines the trial court's finding, appellant has failed to demonstrate that a miscarriage of justice has occurred, and Rule 5A:18 bars our consideration of his argument on appeal.

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Jerome Lyons, Jr., is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*