COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Athey and White

JACOB LAMPKINS

MEMORANDUM OPINION*

v.      Record No. 0958-22-2                              PER CURIAM
                                                         MAY 30, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Joseph M. Teefey, Jr., Judge

(Jacob Lampkins, on brief), *pro se*. Appellant submitting on brief.

No brief for appellee.


Jacob Lampkins appeals the denial of his petition to remove his name and information from

Virginia's Sex Offender and Crimes Against Minors Registry (the registry). The appellant failed

to file the transcript or written statement of facts necessary to the appeal under Rule 5A:8. As a

result, we cannot reach his assignments of error. Consequently, we affirm the circuit court's

judgment.

On January 14, 2022, the appellant filed a petition for the removal of his name and

information from the registry. In the petition, the appellant claimed that he was entitled to the

removal of his name and information from the registry under Code § 9.1-910. The

Commonwealth responded that in 1990 the appellant pled guilty to and was convicted of rape

under Code § 18.2-61. The Commonwealth asserted that rape was a Tier III offense as defined

in Code § 9.1-902. As a result, under Code § 9.1-910(A)(i), the appellant was ineligible to

petition the circuit court for removal of his name and information from the registry. The court

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

held a hearing on March 14, 2022. Following the hearing, the circuit court denied the petition and dismissed the matter.

The record on appeal does not contain a transcript or written statement of facts in lieu of a transcript for the March 14, 2022 hearing. "Rule 5A:8 provides that the transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "In lieu of or to supplement a transcript, a party may submit a written statement of facts that has been presented to and signed by the trial judge and filed by the clerk of the trial court in accordance with Rule 5A:8(c)." *Id.* "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii). Rule 5A:8, as with other rules of procedure, applies to *pro se* litigants as well as those represented by attorneys. *See Townes v. Commonwealth*, 234 Va. 307, 319 (1987); *Francis v. Francis*, 30 Va. App. 584, 591 (1999).

"On appeal, we presume the judgment of the trial court is correct . . . ." *Bay*, 60 Va. App. at 528. "[T]he burden is on the appellant to present a sufficient record to permit a determination whether the circuit court committed an alleged error." *Commonwealth v. Williams*, 262 Va. 661, 669 (2001). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529.

On appeal from the circuit court's dismissal order, the appellant raises the following assignments of error: (1) "whether the trial court erred at which time it did not give a merit based ruling when it denied appellant's petition for removal of name and information from registry," and (2) "whether the trial court erred whereupon it allow[ed] the Commonwealth to allege appellant[] pleaded guilty toward a conviction in what the petition must contain." Without a

transcript or statement of facts, this Court has no way of knowing what rationale, if any, the circuit court gave in denying the petition or what arguments were made at the hearing. *See generally* Rule 5A:18 (an appellate court will only consider arguments that were timely raised below).

After reviewing the limited record and the amended opening brief, we conclude that a timely-filed transcript, or written statement of facts in lieu of a transcript, is indispensable to a determination of the assignments of error on appeal. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986). Therefore, we cannot address the merits of the appellant's assignments of error. *See* Rule 5A:8(b)(4)(ii).

Consequently, we affirm the circuit court's judgment.

*Affirmed.*