Present:  Hassell, C.J., Koontz, Kinser, Lemons, Goodwyn, and
Millette, JJ., and Carrico, S.J.

RANDOLPH GEORGE COKES, JR.

v.  Record No. 091507          OPINION BY JUSTICE DONALD W. LEMONS
                                          June 10, 2010
COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal we consider whether the trial court erred when it denied the motion of Randolph George Cokes, Jr. ("Cokes") to withdraw his waiver of his right to a jury trial in the Circuit Court of the City of Richmond on the day of his scheduled bench trial.

I.    FACTS AND PROCEEDINGS BELOW

Cokes was charged with possession of marijuana in violation of Code § 18.2-250.1, as well as possession of heroin and cocaine in violation of Code § 18.2-250(A)(a).  On July 3, 2008, Cokes appeared before the trial court.[1]  During that appearance, counsel for Cokes represented that during the preliminary hearing of April 23, 2008, Cokes requested a jury trial.  Counsel then apologized to the trial court "for setting it for a bench [trial]."

---

[1] It appears from the record that the trial court and the Commonwealth expected Cokes' July 3, 2008 appearance to be a bench trial.  However, the trial court agreed with counsel for Cokes that Cokes was not sufficiently prepared to proceed to trial on that day.

Prior to scheduling Cokes' jury trial, the Commonwealth moved the trial court to revoke Cokes' bond. In support of its motion, the Commonwealth cited the fact that Cokes had been subsequently charged with additional drug-related offenses while released on bond.

The trial court temporarily set aside the question of bond revocation, instead focusing on a suitable trial date. The trial court inquired of Cokes' counsel, "[w]hat is your best estimate of it going forward as a jury trial, your attorney assessment, just so I can schedule properly?" Counsel conceded that his only contact with Cokes was a brief discussion with him at the preliminary hearing, and another immediately prior to the present appearance. He concluded that he "ha[dn't] had a real chance to evaluate that yet."

The trial court then admonished Cokes and his counsel that if it were to set a jury trial, the trial court would "double or triple book it," adding that the trial court was likely to revoke Cokes' bond. The trial court noted the practical consequence of these actions to Cokes and his counsel: if the case were double- or triple-booked, "if [Cokes is] innocent, he will remain in jail much longer . . . than he needs to" in the event his case is postponed due to a scheduling conflict.

Cokes addressed the trial court himself, acknowledging that he "asked them in the lockup for a jury trial." The trial

2

court responded, "[y]ou're going to get one.  I just want to make sure you understand what a jury trial is."  The trial court then conducted a colloquy with Cokes, identifying the material differences between a bench trial and a jury trial. At the conclusion of the colloquy, the clerk offered August 7, 2008 as a possible trial date.

Counsel for Cokes then stated, "[y]our Honor, Mr. Cokes . . . has just informed me that he is prepared to go forward today with the bench trial.  I have had very limited opportunity to speak with him about the – his right to testify."  The trial court responded,

> I don't think that's advisable, sir, because I
> don't think you've had enough time to talk to
> your attorney.  I can schedule this quickly for
> a bench trial, but I don't think it's in your
> best interest if your attorney hasn't had enough
> time to talk to you.  All right.  And you've got
> other charges pending anyway.

After discussing whether August 7, 2008 was a viable trial date for the parties, the trial court asked Cokes if he wished to be tried "in front of the judge or a jury."  Cokes responded, "[i]n front of the judge."

Once the trial date was established, the trial court again addressed Cokes:  "I've discussed with you the differences between a judge trial and jury trial.  And you discussed it with your attorney; is that correct?"  Cokes acknowledged that he had, and he again expressed his desire to be tried by a

3

judge. The trial court then revoked Cokes' bond on the grounds that he violated the conditions of his bond when he was charged with additional drug-related offenses. On July 9, 2008, the trial court entered an order continuing Cokes' case to August 7, 2008. In that order, the trial court acknowledged that Cokes "voluntarily waived his right to a trial by jury" on the charged offenses.[2]

On August 7, 2008, following the clerk's reading of the charges he faced, the trial court asked Cokes whether he wished to be tried by the judge or a jury. After conferring with his attorney, counsel for Cokes addressed the trial court. He acknowledged that Cokes had initially requested a jury trial at the July 3, 2008 appearance, but then waived his right to a jury trial following a colloquy with the trial court. Counsel then stated, "I informed him that he already waived on the record, but as we're still on the record, he would like to say he would want to be tried by a jury at this time. And I understand he has waived on the record."

The Commonwealth responded, "Judge, I have all our witnesses here and are ready to go forward based on his prior waiver and decision to have a bench trial today." The trial court denied Cokes' motion to withdraw his waiver of his right

---

[2] During oral argument before this Court, Cokes acknowledged that he made a voluntary and knowing waiver of his right to a jury trial during his July 3, 2008 appearance.

4

to a jury trial, noting, "I think that asking for a jury trial on the – right at the moment of trial is too late once he's waived a jury trial."  The case was tried without a jury and the trial court found Cokes guilty of all charges.

The Court of Appeals, per curiam, denied Cokes' petition for appeal.  Cokes v. Commonwealth, Record No. 2407-08-2 (April 23, 2009).  Cokes timely filed his notice of appeal and we granted an appeal on the following assignment of error:

1. The Court of Appeals erred by holding that the trial court did not abuse its discretion by denying Cokes' request to withdraw his jury trial waiver and to proceed with a jury trial.

## II.  ANALYSIS

### A.  Standard of Review

On the day Cokes' bench trial was set to begin, Cokes made a motion to withdraw his waiver of his right to a jury trial. The trial court denied Cokes' motion.  "[O]nce a defendant makes a voluntary and intelligent waiver of [his right to a jury trial], his request to withdraw that waiver and be tried by a jury is subject to the circuit court's discretion." Commonwealth v. Williams, 262 Va. 661, 670, 553 S.E.2d 760, 764 (2001).  "In evaluating whether a trial court abused its discretion . . . we do not substitute our judgment for that of the trial court.  Rather, we consider only whether the record fairly supports the trial court's action."  Grattan v.

5

*Commonwealth*, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quotation marks omitted).

B. Withdrawal of a Waiver of the Right to a Trial by Jury

"The right of a defendant to a jury trial in a criminal case is secured by Article I, § 8 of the Constitution of Virginia," *Williams*, 262 Va. at 670, 553 S.E.2d at 764, the Sixth Amendment to the United States Constitution, and by statute. See Code §§ 19.2-260 and 8.01-336. We have previously observed, "[t]he right to a jury trial is one of the cornerstones of our legal system." *Norfolk Southern Railway Co. v. Bowles*, 261 Va. 21, 28, 539 S.E.2d 727, 731 (2001).

Relying upon the analytical framework we first adopted in *Thomas v. Commonwealth*, 218 Va. 553, 238 S.E.2d 834 (1977), in *Williams* we stated the general rule regarding the withdrawal of a waiver of jury trial:

> Whether one accused of crime who has regularly waived a jury trial will be permitted to withdraw the waiver and have his case tried before a jury is ordinarily within the discretion of the [circuit] court. The rule, as expressed in some cases, is that if an accused's application for withdrawal of waiver is made in due season so as not to substantially delay or impede the cause of justice, the trial court should allow the waiver to be withdrawn.
>
> The authorities are uniformly to the effect that a motion for withdrawal of waiver made after the commencement of the trial is not timely and should not be allowed. Whether a motion for the withdrawal of a waiver of trial by jury made prior to the actual commencement of the trial of the case is timely depends

6

> primarily upon the facts and circumstances of the individual case. Where there is no showing that granting the motion would unduly delay the trial or would otherwise impede justice, the motion is usually held to be timely. In some cases, however, it has been held that a motion for withdrawal of a waiver of jury trial, although made prior to the trial, was not timely and was properly denied by the trial court, the decisions in these cases being based primarily upon the ground that granting the motion would have resulted in an unreasonable delay of the trial.

262 Va. at 670, 553 S.E.2d at 764 (quoting Thomas, 218 Va. at 555, 238 S.E.2d at 835) (emphasis added).

In Thomas, although the motion to withdraw the waiver of a jury trial was made eleven days prior to the trial date, the trial court did not act on the motion at that time. 218 Va. at 556, 238 S.E.2d at 835. Upon weighing the facts and circumstances in light of the defendant's constitutional and statutory rights to a jury trial, we held that the trial court abused its discretion when it denied the defendant the right to withdraw his waiver of a jury trial. Id. at 556, 238 S.E.2d at 836. Central to that holding was the fact "[t]he record [wa]s devoid of any showing that a jury could not have been impaneled for the trial on December 3; that the motion was made solely for the purpose of delay; and that a continuance of the cases . . . would unduly delay the trial or impede the cause of justice." Id. at 556, 238 S.E.2d at 835-36.

7

Similarly, the record in this case fails to disclose that the motion was made solely for the purpose of delay or whether, in the ordinary course of the circuit court's operation, Cokes' request for a jury trial could have been accommodated at the time it was made. The record also fails to disclose the number of witnesses who would be inconvenienced by the continuance, or the difficulty rescheduling the trial would present to those witnesses. Instead of establishing that granting Cokes' motion "would unduly delay the trial or would otherwise impede justice," id. at 555, 238 S.E.2d at 835, the record leaves this Court to speculate whether Cokes' request could have been honored in a timely fashion, thereby vindicating his constitutional and statutory rights without impeding the administration of justice. In the absence of such evidence, we hold that the trial court abused its discretion when it denied Cokes' motion to withdraw his waiver of his right to a jury trial.

Our analysis today does nothing to undermine the broad discretion vested in trial courts to determine whether justice would be impeded by granting a defendant's motion to withdraw his waiver of a jury trial. It merely confirms that the basis of that determination must be established on the record. In Williams, our last decision addressing this issue, we upheld the trial court's denial of a defendant's motion to withdraw

8

his waiver of a right to a jury trial.  262 Va. at 671, 553 S.E.2d at 765.  Unlike the records in <u>Thomas</u> and in this case, the record in <u>Williams</u> "show[ed] that if Williams had been allowed to withdraw his jury trial waiver and be tried by a jury, completion of the trial could have been substantially delayed and the cause of justice impeded."  <u>Id.</u>

This finding was based upon evidence that Williams' case "originally had been set for trial ten months earlier, and already had been substantially delayed during the several months that Williams remained a fugitive." Id.  Further, the Commonwealth "intended to call 11 witnesses to testify" and the victim "was leaving the United States the following Monday to return to his native country for three months."  <u>Id.</u>  Based on those facts and circumstances, we affirmed the trial court's determination that granting Williams' motion would impede the cause of justice, notwithstanding the defendant's contention that the trial court recognized that "the trial would [not] have to be rescheduled to another day if the court granted Williams' request," but rather "Williams' request for a jury trial [might only] delay the case for 'several hours.'"  <u>Id.</u> at 669-70, 553 S.E.2d at 764.

## III.  CONCLUSION

Because the trial court abused its discretion when it refused Cokes' request for a jury trial, we will reverse the

9

judgment of the Court of Appeals and remand the case to the Court of Appeals with directions to remand to the trial court for a new trial if the Commonwealth be so advised.

<u>Reversed and remanded</u>.

SENIOR JUSTICE CARRICO, dissenting.

I respectfully dissent.  I do not agree that the circuit court abused its discretion in denying the defendant's motion for a jury trial made at the very moment his trial was to begin and after he had voluntarily waived his right to such a trial. True, this was the waiver of a cornerstone right, but the courts uphold waivers of such rights every day.  To me, this is more a case of a defendant trying to play fast and loose with the court system in order to delay being tried than it is a case of an abuse of judicial discretion.  I would affirm the judgment of the circuit court.