COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued by teleconference


JOHN RAYMOND WILLIAMS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0715-11-3                 JUDGE ROBERT J. HUMPHREYS
                                                       NOVEMBER 29, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NELSON COUNTY
J. Michael Gamble, Judge

        Daniel L. Rutherford for appellant.

        Craig W. Stallard, Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        John Raymond Williams ("Williams") appeals his conviction in the Circuit Court of

Nelson County ("trial court") of forgery of a public record in violation of Code § 18.2-168.

Williams alleges that the trial court erred when it denied his request to exercise his right to a jury

trial on the day of his scheduled bench trial and in finding sufficient evidence to find him guilty

of forging a public record or certificate in relation to a matter wherein such document may be

received as legal proof in violation of Code § 18.2-168.  We find that Williams was denied his

right to a jury trial and, therefore, reverse the judgment of the trial court.  However, we find that

there was sufficient evidence to support Williams' conviction for forgery under Code § 18.2-168

and, therefore, remand for a new trial.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  Defendant's Right to a Jury Trial

Williams was indicted by the grand jury on three charges.  The first two charges were returned a true bill.[1]  However, the third charge, forgery of a public record in violation of Code § 18.2-168, was a direct indictment.  As a result of the multiple indictments, the first two charges were scheduled separately from the forgery charge.  Ultimately, a scheduling order set the trial for the first two indictments as a bench trial, and the trial court continued the forgery charge so that it could be heard with the first two charges.

On the date of the trial, Williams requested a jury trial.  The trial court denied his request, finding that there would "be substantial delay, and justice would be impeded, if, in fact, a jury trial were granted at this late date after all parties agreed to set a bench trial for today."[2]  The court proceeded with the trial, and Williams was found guilty of forgery of a public record.  In its brief to this Court, the Commonwealth has conceded that the defendant was denied his right to a trial by jury.

The Virginia Constitution guarantees "[t]hat in criminal prosecutions a man . . . shall enjoy the right to a speedy and public trial, by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty."  Va. Const. art. I, § 8.  However, an accused may waive his right to a jury trial.  Rule 3A:13(b).

The trial court held that Williams was not entitled to a jury trial based on the holding of Cokes v. Commonwealth, 280 Va. 92, 694 S.E.2d 582 (2010), which limits the ability of defendants to withdraw their waiver of a jury trial.

---

[1] Williams was charged with construction fraud in violation of Code § 18.2-200.1 and larceny by false pretenses in violation of Code § 18.2-178; however, he was not convicted of these offenses.

[2] In reaching its decision, the trial court relied on Cokes v. Commonwealth, 280 Va. 92, 694 S.E.2d 582 (2010), discussed later in this section.

"Whether one accused of crime *who has regularly waived a jury trial* will be permitted to withdraw the waiver and have his case tried before a jury is ordinarily within the discretion of the [circuit] court. The rule, as expressed in some cases, is that if an accused's application for withdrawal of waiver is made in due season so as not to substantially delay or impede the cause of justice, the trial court should allow the waiver to be withdrawn."

Id. at 97, 694 S.E.2d at 585 (emphasis added) (quoting Commonwealth v. Williams, 262 Va. 661, 670, 553 S.E.2d 760, 764 (2001)).

However, the trial court's reliance on Cokes was misguided. Cokes deals with a situation in which a defendant has actually waived his right to a jury trial and is attempting to withdraw his waiver. However, in the immediate case, Williams argues, and the Commonwealth concedes, that he never waived his right to a jury trial. Since Williams did not waive his right to a jury trial, his conviction must be set aside.

## II. Sufficiency of the Evidence

In an appeal of a criminal conviction based on the sufficiency of the evidence, we must "review the evidence in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom. The judgment appealed from will be affirmed unless it appears from the evidence that it is plainly wrong or without evidence to support it." McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (citations omitted). Under this standard, the facts are as follows.

Jeffrey K. Eckert ("Eckert") had some undeveloped property in Wintergreen. He talked with Williams about building a house on the property, and Williams suggested some floor plans for Eckert to look at. Williams said he could build Eckert the home he wanted, and Eckert decided to go forward with it.

Williams used Brandon Wilke ("Wilke") as a subcontractor. Wilke testified that there was some talk about working with Williams jointly on the project; however, Wilke ultimately

only laid the footers on the house. Wilke testified that he never agreed to let Williams use his contractor's license to get the permit for the project.

Debbie Harvey ("Harvey"), the secretary for the Building Inspection Office, testified that Williams came into her office and submitted an application for the construction of a home. The application listed "Wilke/Williams, Inc." as the company. Williams testified that he filled out the permit application, including the name "Wilke/Williams, Inc." and the state license number. When Harvey ran the license number, it matched the name of Wilke, and the permit was issued.

Eventually, Wilke received a copy of the permit in the mail with his contractor number on it. Upon seeing this, Wilke immediately had the permit rescinded. Williams then returned to the Building Inspection Office and submitted a new permit that bore Eckert's signature and had Eckert listed as the contractor.

Williams was convicted under Code § 18.2-168 which states that

> [i]f any person forge a public record, or certificate, return, or attestation, of any public officer or public employee, in relation to any matter wherein such certificate, return, or attestation may be received as legal proof, or utter, or attempt to employ as true, such forged record, certificate, return, or attestation, knowing the same to be forged, he shall be guilty of a Class 4 felony.

The trial court found that Williams

> clearly used a name and a contractor's number he wasn't authorized to use. Mr. Wilke said he didn't authorize it, and I believe Mr. Wilke. He was clear. He was believable. Mr. Williams was sliding this thing under somebody else's name and number and business. He missed – the company name didn't exist, Wilke/Williams, Inc. And he wasn't authorized to use the Wilke contractor number.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). In cases where the defendant testifies, "'the fact finder is entitled to disbelieve the self-serving testimony of the

- 4 -

accused and to conclude that the accused is lying to conceal his guilt.'" Marsh v. Commonwealth, 57 Va. App. 645, 655, 704 S.E.2d 624, 629 (2011) (quoting Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998)).

It is undisputed that Wilke worked with Williams on the project. However, Wilke testified that he never gave Williams permission to use his contractor's number, and the trial court believed him. This evidence is supported by the fact that Wilke immediately had the permit rescinded when he found out that his contractor's number was listed. Williams admits that he filled out the permit, including Wilke's contractor number, and submitted it to the secretary for the Building Inspection Office. Thus, the evidence is sufficient to support Williams' conviction for forgery of a public record.

In conclusion, we find that the trial court erred in refusing to grant Williams a jury trial and reverse the judgment of the trial court. However, because we find that the trial court did not err in finding the evidence sufficient to convict Williams of forgery of a public record, the case is remanded for a new trial where Williams may exercise his right to be tried by a jury.

Reversed and remanded.